WIENKE *v.* VILLAGE OF NORTH TONAWANDA.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—PROVINCE OF JURY.
    In an action for injuries caused by falling, at night, from an elevated sidewalk along which there was no rail, the negligence of defendant and contributory negligence of plaintiff are for the jury.

Appeal from circuit court, Niagara county.

Action by Matilda Wienke against the village of North Tonawanda. From a judgment entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*E. M. Ashley,* for appellant.   *W. B. Simpson,* for respondent.

DWIGHT, P. J.   The action was for a bodily injury sustained by the plaintiff by reason of a fall from a sidewalk on one of the streets of the defendant. The defect complained of was the absence of a railing on the inside of the walk where the footway was elevated five feet and an inch above the surface of the ground. The plaintiff, a German woman of 30 years of age, was passing along the walk in the evening. The nearest street lamp was more than 90 feet distant, and there was no light from any building which illuminated the inner edge of the walk. She met at that point several men walking abreast or in a bunch, and she turned towards the inside of the walk to avoid them, when she fell off the unprotected edge, down a distance of five feet and upwards, and sustained the injury complained of. The question of the negligence of the village authorities in leaving this elevated walk unprotected by a railing was properly submitted to the jury. *Ivory* v. *Town of Deerpark,* 116 N. Y. 476, 22 N. E. Rep. 1080; *Maxim* v. *Town of Champion,* (Sup.) 4 N. Y. Supp. 515; *Reid* v. *Town of Ripley,* (Sup.) 14 N. Y. Supp. 124. These cases, and many more of like effect, affirm the duty of highway commissioners to exercise due care to guard exposed and dangerous points at the boundary of the highway by railings or other structures. Of course, the same principle applies to the trustees of villages, though it is comparatively seldom that a situation occurs on the streets of a populous village which requires this kind of protection for the safety of foot passengers. The situation in this case seems to have been very suggestive of such precaution. Just on the line of the fronts of stores and shops, on a much-frequented street, the inner edge of the sidewalk was more than five feet above the surface of the vacant lot in front of which it was constructed, and there was no indication whatever, to passers in the night, of this dangerous condition. It is true the sidewalk was of the unusual width of 17 or 18 feet; but this gave no protection to persons walking, as all had a right to do, and as some at times must do, on the inside of the walk. The plaintiff had only just before come out of one of the shops in the immediate vicinity, and it was natural that she should proceed on a line near the fronts of the buildings. She was comparatively a stranger to the locality,—had never noticed the elevation of the walk above the adjoining lot at this point. She turned still more towards the inside to avoid a row or

knot of men coming from the opposite direction, and the accident was the result. It does not seem to us a matter of surprise that it should have happened, but rather that similar accidents had not previously occurred at the same point under similar circumstances. Plainly, it was for the jury to pass upon both the main questions in this case, viz., of negligence on the part of the village authorities, and of the absence of negligence on the part of the plaintiff. Those questions were submitted to the jury in a charge of eminent fairness to the defendant, and the verdict cannot be disturbed. We find no exception taken on the trial which requires discussion. The judgment and order denying the motion for a new trial must be affirmed.

Judgment and order appealed from affirmed.