Price v. Engelking.

GARY, J.

|  |  |
|---|---|
| 58 | 547 |
| 195s | 604 |

# Williamson E. Price, Andrew B. Price and William A. Price v. Mary Engelking, Administratrix, etc.

1. CONDEMNATION—*Title Does Not Pass.*—In condemnation proceedings the judgment does not pass the title to the property sought to be condemned, it simply gives to the public a right to take the property upon paying the value thereof, as determined by the judgment; and this right exists without any corresponding right on the part of the owner to compel the public to take the property at the value determined by the judgment.

2. SAME—*What Passes by a Conveyance.*—A conveyance by one having the title when a judgment in condemnation proceedings is entered

and before possession is taken or payment made, passes the property with all rights and burdens appertaining thereto. The grantee takes subject to the right of the public to acquire the same upon payment of the judgment.

3. EMINENT DOMAIN—*All Real Estate Subject to.*—All real estate is held subject to the right of the public to condemn the same for public use; the only distinction between the holding before and after a judgment in condemnation proceedings, is that thereafter the price which the public must pay in order to obtain the property is fixed.

**Agreed Case.**—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge. presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

## STATEMENT OF THE CASE.

The pending appeal is from the opinion and judgment of the Superior Court in an "agreed case," entered into by appellants, the appellee and the city of Chicago, whereby the question is submitted to the court under the statute as to whether either appellants or appellee are entitled to a certain fund of $1,528.56 paid into court by the city of Chicago.

The fund in question is the compensation money paid to the city as special assessments under warrant No. 4,280 for benefits assessed in supplemental proceedings in the opening of Hermitage avenue by condemnation in case No. 47,875, entitled, "The City of Chicago v. Hapgood et al."

On March 6, 1874, a petition was filed by the said city to condemn, with other property, the west thirty-three feet of the north 289 5-10 feet of the west half of block 7, in Assessors' Division of E. ½ S. E. ¼ Sec. 18, 39 and 14, for the opening of Hermitage avenue. Albert Price was then the owner of the property. He died October 13, 1874; the premises became the property in fee simple of the sons of said Albert Price, the appellants herein.

On May 3, 1876, the verdict of the jury in said condemnation proceedings was filed, awarding to the "owner" or "owners" of the west thirty-three feet of said block 7 the sum of $2,092.66. On August 7, 1876, a judgment was

entered in the said proceedings, adjudging to the "owner or owners" of the said west thirty-three feet of block 7 the sum of $2,092.66, and ordering that upon the payment into court, for the use of such "owner or owners," the city should take possession.

The city took possession of the 33-foot strip in 1884, but no claim was made for the $1,528.56, the proportion of the said special assessments coming to the "owner or owners" of the north 289 5-10 feet of the said west thirty-three feet until 1893 or 1894, the money lying in the city treasury.

In the meantime, about a year after the condemnation judgment, by full warranty deed, dated March 7, 1877, appellants and their wives conveyed the said north 289 5-10 feet of said west half of block 7 by metes and bounds, including the west 33-foot strip, to one Henry Engelking.

The deed recites, in the granting clause : " This convey-ance is made subject to condemnation of one-half on Her-mitage avenue by the city of Chicago."

Immediately upon purchasing the property, Engelking subdivided the same into fifteen lots and streets and alleys as " Engelking Subdivision, etc.," the plat being recorded June 21, 1877. On that plat the west thirty-three feet is marked off as " Hermitage avenue," and marked on said Hermitage avenue appears, " As opened, City v. Hapgood, No. 47,875."

Nine lots in the subdivision front on Hermitage avenue and one, lot 6, sides upon it.

Engelking immediately conveyed all the lots, by trust deeds, duly recorded, by lot numbers according to the said plat, all of which said trust deeds on lots contiguous to Her-mitage avenue, except lot 6, were duly foreclosed in 1878, and that by September 11, 1878, all the lots in said sub-division were sold by said Engelking by warranty deeds, duly recorded, to various parties, said deeds describing the said lots by lot numbers according to the plat.

It appears that the 33-foot strip dedicated as Hermitage avenue was never assessed for taxation subsequent to the year 1877.

Appellants claim the fund, and allege the following reasons:

First. Because appellant's rights under the condemnation judgment were fixed, and they could only be divested by assignment in express terms. Conveyance of the property condemned by warranty deed does not carry with it the compensation under the judgment.

Second. Granting, for the sake of argument, that the warranty deed carried with it the compensation money, nevertheless the reservation in the granting clause withheld the fund to appellants.

Third. In no event can Engelking's administratrix recover

APPELLANTS' BRIEF, WOOLFOLK & BROWNING AND STAPP & ARNOLD, ATTORNEYS.

It is the universal rule in Illinois and elsewhere that a deed of the land condemned or damaged, does not carry with it the right to the compensation money or damages; such right can only be transferred by specific assignment. Penn Mutual Life Ins. Co. et al. v. Heiss et al., 141 Ill. 35, pages 65 and 66; King et al. v. Mayor, etc., 102 N. Y. 171; Drury v. Midland R. R. Co., 127 Mass. 571, 579; Mil. & Northern R. R. v. Strange, 63 Wis. 178.

APPELLEE'S BRIEF, GEO. P. WHITCOMB, ATTORNEY.

Appellee contended that the judgment was conditional only, not binding on the city to take or pay for the land, unless the city should at its option take it. The city had a right to repeal the ordinance on which the condemnation proceeding was based, or to dismiss its suit at any time, provided it had not taken possession of the land and no demand for payment of the compensation had been made. C. & N. W. Ry. Co. v. Chicago, 148 Ill. 141; C., R. I. & P. R. Co. v. Chicago, 143 Ill. 641; Hyde Park v. Dunham, 85 Ill. 569.

The condemnation judgment vested no right nor gave any right whatever to anybody, except as it authorized the

city, after payment of the compensation to the owner, to take possession of the land. Ayer et al. v. City of Chicago, 149 Ill. 262; Chicago v. Barbian, 80 Ill. 482; C. & I. R. R. Co. v. Hopkins, 90 Ill. 316; C. & N. W. Ry. Co. v. Chicago, 148 Ill. 141.

Until payment of the compensation to the owner for his land he has a right to do as he pleases with it. Schrieber v. C., E. & I. R. R. Co., 115 Ill. 344; Kerfoot v. Breckenridge, 87 Ill. 209; C. & I. R. R. Co. v. Hopkins, 90 Ill. 321.

The owner of land sought to be condemned has the same right to sell and convey the land after the condemnation judgment as he had before.

The city acquired no title or right of possession to the land by the judgment, nor could under it, until it paid to the owner the compensation awarded. Schrieber v. C., E. & I. R. R. Co., 115 Ill. 340; Chicago v. Barbian, 80 Ill. 482; South Park Com. v. Dunlevy et al., 91 Ill. 49.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

It is the settled rule in this State that in condemnation proceedings the judgment does not pass the title to the property sought to be condemned; it simply gives to the public a right to take the property upon paying the value thereof as determined by the judgment; in other words, after judgment the public has a right to acquire at a fixed price. This right exists without there being any corresponding right upon the part of the owner to compel the public to take the property at the value determined by the judgment. It is like a unilateral contract; the option is strictly with the public. C. & N. W. Ry. Co. v. City of Chicago, 148 Ill. 141. As a consequence, neither the ownership nor title is divested by the judgment in such proceedings, and a conveyance by one having the title when such judgment is entered and before possession taken or payment made, passes the property with all rights and burdens appertaining thereto, precisely as if no such judgment had been rendered, save that the grantee takes as the grantor,

held subject to the right of the public to acquire the same upon payment of the amount of the judgment. All real estate is held subject to the right of the public to condemn the same for public use; the only distinction between the holding before and after a judgment in condemnation proceedings is that thereafter the price which the public must pay in order to obtain the property is fixed.

When, therefore, appellants, after judgment, conveyed these premises to Henry Engelking, they conveyed all the rights which they had growing out of the ownership of this property. If nothing further was done by the city, Henry Engelking would have remained the owner they made him. As thereafter the city paid into court the amount of the judgment, the administratrix of Henry Engelking is entitled to such money. It was paid for his land, his title, his possession, not that of appellants.

The views here expressed are in accordance with the opinion of this court in Rice v. The City of Chicago, 57 Ill. App. 558.

The clause in the conveyance, " This deed is made subject to condemnation of one-half of Hermitage avenue by the city of Chicago," was not a restriction of the granting terms of the instrument, but a mere indication that against the effect of such proceedings the grantors made no undertaking.

In this suit only the rights of appellant and appellee are involved. It is therefore unnecessary to consider what is urged concerning the supposed claims of others.

The judgment of the Superior Court is affirmed.