[L. A. No. 13209.   In Bank.—March 29, 1932.]

SECURITY  COMPANY  (a  Corporation),  Appellant,  v. PARAN  F.  RICE,  Respondent.

William P. Mealey for Appellant.

D. Z. Gardner for Respondent.

CURTIS, J.—Defendant was the owner of lot 1, block A, of Spence & Falvey's subdivision, city of Monrovia.  March 1, 1926, the plaintiff purchased from defendant by grant deed the east 92 feet of said lot.  Lot 1 has a frontage of

150 feet on White Oak Avenue, which bounds it on the north. It is bounded on the east by Myrtle Avenue. At the time of the conveyance to the plaintiff there were pending condemnation proceedings by the city of Monrovia by which the city sought to widen White Oak Avenue, and to do so sought to condemn a strip 16 feet in width off of the entire north frontage of said lot 1. These proceedings went to judgment long subsequent to the execution and delivery of said deed, and the defendant received as damages and compensation for this strip of land 16 feet wide and 150 feet in length the sum of $6,400. Plaintiff claimed that it was entitled to 92/150ths of this amount, and brought this action to recover the same. The defendant contended that at the time of the sale to plaintiff, plaintiff was aware of the pendency of the condemnation proceedings and agreed that all the money to be received by the defendant as damages for the taking of said 16-foot strip of land should belong to the defendant and that the price finally paid for said land by the plaintiffs was fixed in accordance with the understanding that all of the condemnation money was to be paid to and belong to the defendant. On the trial the court admitted parol evidence to prove this agreement between the parties. The court found in pursuance of this oral agreement and rendered judgment in favor of the defendant. The sole point raised on this appeal is directed to the admissibility of the evidence in proof of said parol agreement. Plaintiff contends that as it acquired the entire east 92 feet of said lot 1, which included said 16-foot strip by a grant deed from the defendant the effect of the admission of this evidence would be to vary the terms of said grant deed by parol evidence.

This case was originally appealed to the District Court of Appeal and that court affirmed the judgment on the authority of *Russakov* v. *McCarthy Co.*, 206 Cal. 682 [275 Pac. 808]. That case involved a controversy between grantees and vendees to certain deeds and contracts on the one hand and their grantor and vendor on the other hand over funds awarded in condemnation proceedings for the taking of portions of the lands conveyed by said deeds and contracts. We think, however, that it can be differentiated from the instant case. In the Russakov case the deeds and contracts contained certain exceptions regarding the land described

therein that might be taken in said condemnation proceedings. These exceptions were not uniform, but they followed some one of the following expressions: "except any part of said lot within Florence Avenue as widened by the City of Los Angeles"; "less portions in Florence Avenue street widening"; "subject to Florence Avenue widening proceedings"; "except portion of same taken by City in Florence Avenue widening proceedings". The grantor, the McCarthy Company, claimed that by reason of these exceptions, it was entitled to receive all moneys awarded in the condemnation proceedings for the land taken and which was described in the deeds and contracts. The plaintiffs, however, at the trial undertook to introduce parol evidence in order to explain what the McCarthy Company meant by these exceptions. The trial court sustained an objection by the defendant company to the introduction of such evidence on the ground that such evidence would "alter the terms of the deeds and contracts, which were clear and certain, and free from ambiguity". With this evidence excluded, the trial court rendered judgment for the defendant company. On appeal this court held that the excluded evidence should have been admitted for the purpose of explaining the meaning of these exceptions which rendered the deeds and contracts uncertain and ambiguous.

In the present action the deed to the land involved is free from any exception or any other provision rendering the same uncertain or ambiguous or requiring the admission of parol evidence to explain it. To this extent it differs materially from the conveyances considered in the case of *Russakov* v. *McCarthy Co.*, *supra*. It is true that there is language used in that case which would appear to justify respondent's contention that evidence is admissible to establish a parol agreement as to the person entitled to share in the money awarded in the condemnation proceeding, but this language was unnecessary for the decision of the real question presented in that case. As the court construed the deeds and contracts in said action there was no reservation by the grantor or vendor of the money to become due in the condemnation proceeding. This money, therefore, would go to the grantees and vendees of the McCarthy Company, unless there was some agreement between the parties for a different disposition thereof. It was unnecessary, therefore,

for the grantees and vendees of the McCarthy Company to resort to parol evidence to establish their right to said money inasmuch as the conveyances under which they held their lands were silent in respect thereto. We do not consider, therefore, that upon the facts of that case, it can be considered as an authority in support of the ruling of the trial court herein admitting parol evidence to prove an agreement between the parties that the money awarded in the condemnation proceedings was to belong to the defendant.

In condemnation proceedings the title to the property condemned does not vest in the public until payment has been made as required by the verdict of the jury or judgment of the court and a copy of the final order of condemnation has been filed for record in the office of the county recorder of the county in which the condemned property is situated. (Code Civ. Proc., sec. 1253.)

The universal rule appears to be that where property is purchased which is subject to pending condemnation proceedings and the deed conveying said property is silent as to the award money to be paid in the proceedings, said money belongs to and is payable to the purchaser. (*Obst* v. *Covell,* 93 Minn. 30 [100 N. W. 650]; *Hull* v. *Phillips,* 128 Mo. App. 247 [107 S. W. 21]; *Gates* v. *De La Mare,* 142 N. Y. 307 [37 N. E. 121]; *Virginia-Carolina Ry. Co.* v. *Booker,* 99 Va. 633 [39 S. E. 591]; Lewis on Eminent Domain, 3d ed., secs. 894 and 895; *Price* v. *Engelking,* 58 Ill. App. 547, 552.) In the case of *Price* v. *Engelking, supra,* the court said: ''When, therefore, appellants, after judgment, conveyed these premises to Henry Engelking, they conveyed all the rights which they had growing out of the ownership of this property. If nothing further was done by the city, Henry Engelking would have remained the owner they made him. As thereafter the city paid into court the amount of the judgment, the administratrix of Henry Engelking is entitled to such money. It was paid for his land, his title, his possession, not that of appellants''.

If, therefore, the purchaser of property acquiring it pending condemnation proceedings is, under his deed, entitled to the award money paid in said proceedings, where said deed is silent as to the disposition of said money, any attempt to show by parol evidence an agreement that said

money was to be paid to the grantor of said property would result in a material variation of the terms of said deed. Such evidence under the statutes and decisions of this state would be clearly inadmissible. While there is not to be found any authority in this state directly in point, there are many cases holding in principle that the admission of such evidence is not permissible. (*Winchester* v. *Winchester*, 175 Cal. 391 [165 Pac. 965, 966]; *Mowry* v. *Heney*, 86 Cal. 471, 475 [25 Pac. 17]; *Wilson* v. *White*, 161 Cal. 453 [119 Pac. 895]; Devlin on Deeds, secs. 284 and 314.) In the case of *Winchester* v. *Winchester, supra,* the trial court admitted evidence to the effect that the deed given by the respondent to the appellant was delivered under the oral understanding and agreement that certain rents were reserved to the grantor as long as he lived. This court reversed the judgment on the ground that the evidence was erroneously admitted. We quote from the opinion therein as follows: "The conveyance from Elliott Winchester to L. E. Winchester, being in form a grant, bargain, and sale deed, its legal effect, according to its terms, was to immediately pass from Elliot Winchester to L. E. Winchester the entire title in fee simple to the land described, the present absolute ownership thereof. (Civ. Code, secs. 679, 762, 1105.) The fee-simple estate thus passed included the present absolute right to all the rents and profits, free from any and every claim of the grantor thereto. The effect of the evidence introduced, if it could have the effect intended by the respondent, would be that instead of the deed being a conveyance of the entire fee, it would be a conveyance with a reservation to the grantor, during his lifetime, of the rents and profits of the land conveyed, to the amount of $300 a year. To the extent of the reservation of the rents during the life of the grantor, which constituted a substantial part of the fee-simple estate which the deed by its terms purported to convey, the agreement shown by parol evidence would have defeated the conveyance. Under the rule above stated it was incompetent and inadmissible for that purpose. The court below erred in so far as its decision was based on this parol evidence."

The other cases cited above contain similar language as that found in *Winchester* v. *Winchester, supra,* and just quoted.

Outside of this state we find authorities to the same effect. Among these is the case of *Bailey et al.* v. *Briant,* 117 Ind. 362 [20 N. E. 278]. In that case the facts are precisely like those in the instant case. The court there held, reading from the syllabus: "A purchaser, to whom city lots are conveyed by warranty deed while a proceeding to condemn a portion thereof for street purposes is pending, is entitled to recover from the 'grantor any damages that may be awarded in the latter's name, and paid to him by the city by reason of the condemnation, and the grantor will not be permitted to prove by parol that he reserved the damages at a date prior to the execution of the deed."

These authorities are sufficient in our opinion to establish without any doubt that the trial court erred in admitting evidence of the verbal agreement of the parties that the award money should be paid to the defendant. By reason of this error the judgment is reversed.

Langdon, J., Preston, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.