[L. A. No. 12810.   In Bank.—September 28, 1933.]

ELIZABETH G. McDANIELS, etc., Appellant, v. G. W. DICKEY et al., Respondents.

Edward H. Estill, Pottle & Pottle and Edmond Wheeler Pottle for Appellant.

Alonzo D. Hitchcock for Respondents.

THOMPSON, J.—This appeal is from a judgment of dismissal entered pursuant to an order sustaining without leave to amend the demurrer of the defendants G. W. Dickey, Loraine Dickey and Charles K. Heard to appellant's complaint.

The complaint alleges, in effect, that on February 20, 1928, an action in eminent domain was commenced by the City of Los Angeles against G. W. Dickey, Loraine Dickey and

others as the owners of a parcel of property described in the complaint in condemnation; that thereafter and on the seventeenth day of May, 1929, an interlocutory judgment was entered in book 730 at page 80 of Judgments; that by the terms of the interlocutory judgment it is provided that the total compensation proper to be paid to the defendants G. W. Dickey and Loraine Dickey as the owners of the aforementioned parcel of land was the sum of $1276.73; that the compensation for the property has not been paid and that final judgment in said proceedings has not been entered.

The complaint then alleges that on or about the nineteenth day of June the defendants G. W. Dickey and Loraine Dickey by grant deed, recorded on August 6, 1929, sold and conveyed to plaintiff certain real property situated in the city of Los Angeles, county of Los Angeles, and more particularly described as the east 80.28 feet of the west 105.28 feet of the south 175 feet of lot 66, plat 1000 "as per map recorded in Book 19 page 1 et seq. of Maps in the office of the County Recorder of said County; subject to an easement on the Easterly portion thereof under proceedings for condemnation instituted in Superior Court of said County in Case No. 245510.

"Subject to all taxes for the fiscal year 1929–30; Subject to street bonds for improvement of Blvd. upon this and other property;

"Subject to conditions, restrictions, reservations, rights, rights of way and easements of record." It was also alleged that the defendants agreed with the plaintiff "that the sum of money to be paid under said proceedings in condemnation . . . for an easement over the easterly portion thereof should be paid to the plaintiffs", and that the necessary papers therefor would be executed; and that defendants had refused to execute an assignment evidencing plaintiff's right to receive the compensation from the city. The prayer of the complaint was that the city be required to pay the amount of the award into court or retain the same until plaintiff's right to a portion thereof could be determined.

The defendant city filed an answer by which it set forth the amount of the award and of the assessment and asked for an order authorizing it to deposit the balance of the award, after deducting the assessment, with the clerk. The defendants Dickeys and Charles K. Heard demurred to the

complaint as already indicated, on the ground that the facts alleged were insufficient to constitute a cause of action.

While it is alleged in the complaint that there was an agreement between the parties that the compensation should be paid to the appellant, yet it is conceded in appellant's brief that the agreement alleged was not a separate or oral agreement but, as stated in her reply brief, was "the agreement to be gathered from the four corners of the deed executed and delivered by respondents to appellant".

Therefore, the sole question we have to solve is whether, by the deed executed a month and two days subsequent to the entry of the interlocutory judgment, the vendee became entitled to the compensation awarded by that judgment. It may, however, be helpful to notice that the language of the present deed is not that it is "subject to condemnation proceedings", but that it is "subject to an easement on the easterly portion thereof under proceedings for condemnation. . . . " In *Russakov* v. *McCarthy Co.*, 206 Cal. 682 [275 Pac. 808], it is said, on page 686: "That a person, to be entitled to moneys awarded as compensation for the condemnation of property, must establish an interest or estate in the thing condemned, is, as an abstract proposition of law, unquestionably sound. But the right to compensation is a personal one which does not run with the land, and does not pass to a vendee of the land after the right accrues in the absence of an express agreement to that effect. Where the right accrues after a conveyance, a vendee or optionee is entitled to compensation for the damage he has suffered. (10 Cal. Jur. 356, and cases cited.)" Nor is the case of *Security Co.* v. *Rice,* 215 Cal. 263 [9 Pac. (2d) 817, 82 A. L. R. 1059], contrary to this rule. In that case the deed, without any exception or any other provision, was executed long prior to the interlocutory judgment and it was held that the purchaser was entitled to the award money.

The question, therefore, narrows itself down to this inquiry, whether the right to compensation had accrued prior to the execution of the deed. In *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249, 251 [170 Pac. 426], this language was employed: "In such proceedings the award constitutes a judgment in favor of defendant and against the plaintiff for the amount thereof, payment of which,

unless the proceeding within the time be abandoned by plaintiff as provided in section 1255a of the Code of Civil Procedure, shall be made within thirty days after final judgment (Code Civ. Proc., sec. 1251), and in the absence of such payment of the money awarded or deposit thereof made in court, defendant may have execution to enforce the judgment as in civil cases. (Code Civ. Proc., sec. 1252.) In this respect the rights of defendant are substantially identical with those of a plaintiff recovering a money judgment against a defendant in a civil action." ▪ And it is to be noted that the interlocutory judgment is in truth the "final judgment" referred to in sections 1251 and 1255a of the Code of Civil Procedure, and that the "final order of condemnation" is a "special order made after final judgment". (*California S. R. R. Co.* v. *Southern Pac. R. R. Co.*, 67 Cal. 59, 63 [7 Pac. 123]; *Glenn County* v. *Johnston*, 129 Cal. 404 [62 Pac. 66]; *City of Los Angeles* v. *Pomeroy*, 132 Cal. 340 [64 Pac. 477].)

From these observations it necessarily follows that the right to compensation accrued to respondents prior to their sale of the property to the appellant (regardless of whether the accrual actually occurred at the entry of the interlocutory judgment or upon the expiration of the thirty days therefrom, during which period, under section 1255a of the Code of Civil Procedure, the condemnor would have the right to abandon the proceedings). It also seems to be obvious that that is the reason the parties inserted in the deed the expression "subject to an easement on the easterly portion thereof under proceedings for condemnation. . . . "

Judgment affirmed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.