[Civ. No. 7872.  Second Appellate District, Division One.—March 29, 1934.]

ALFRED P. TOM, Appellant, v. F. J. EDDY, Respondent.

Fred N. Arnoldy for Appellant.

No appearance for Respondent.

CONREY, P. J.— An action was pending (*City of Los Angeles* v. *Wernott et al.*) for condemnation of real property under the Street Opening Act of 1903. Among the defendants therein were Kibbe, owner of parcel 6, and Johnson, owner of parcel 7. Prior to entry of the interlocutory decree, parcel 6 was conveyed by grant from Kibbe to Hellman Commercial Trust and Savings Bank. Also, prior to entry of the interlocutory decree, parcel 7 was conveyed by grant from Johnson to F. J. Eddy and by Eddy to said bank.

The interlocutory judgment, which was entered July 14, 1927, made its awards in favor of the original defendants, Kibbe and Johnson. On September 23, 1927, the Merchants

National Trust and Savings Bank (successor of said Hellman Bank) conveyed the two parcels to Alfred P. Tom. Thereafter, on March 26, 1928, the city of Los Angeles paid to Eddy (as the assignee of Kibbe and of Johnson under assignments made in November, 1927) the amount of said awards. Upon proof of these facts, in this action of the plaintiff Tom to recover said money from Eddy, the defendant Eddy moved for a nonsuit upon the ground that plaintiff was not the owner of the parcels condemned at the time the right to compensation for the taking thereof accrued, and particularly upon the ground that under the provisions of section 10 of the Street Opening Act of 1903, the right to such compensation accrues at the date of the order appointing referees or of the order setting the condemnation suit for trial. The motion was granted, and judgment of nonsuit entered. From this judgment the plaintiff appeals.

In *Security Co.* v. *Rice,* 215 Cal. 263 [9 Pac. (2d) 817, 82 A. L. R. 1059], it appeared that while an action for condemnation of real property for street purposes was pending, and prior to the entry of the interlocutory decree, the owner (defendant in the condemnation case) conveyed the land by deed of grant which was silent as to the award money to be paid in that action. It was held by the Supreme Court that the money belonged to and was payable to the purchaser. In *McDaniels* v. *Dickey,* 219 Cal. 89 [25 Pac. (2d) 404], the defendant owners in like manner conveyed land which was included in a pending action to condemn for street purposes, but the conveyance was not executed until a time subsequent to the entry of the interlocutory judgment. Here the Supreme Court held, that by virtue of such interlocutory judgment the right to compensation accrued to the owners prior to their sale and conveyance of the land. For that reason the claim of the grantee to recover the money from the defendant grantors, to whom it had been paid by the condemnor, was defeated.

In accordance with the foregoing decisions, we find that the court below properly dismissed this action upon the ground that plaintiff was not the owner of the parcels condemned at the time the right to compensation accrued. On the record herein, it may be that neither one of the parties to this action owns the fund in question. But for the purposes of the present action, it is a sufficient defense that the

plaintiff failed to establish his own cause of action. In arriving at this conclusion we do not rely at all upon the provisions of section 10 of the Street Opening Act of 1903, referred to by respondent in his motion for nonsuit. The provisions of that section apparently were intended only to regulate matters of procedure, including a rule which fixes the time with reference to which the question of value shall be determined. This is wholly apart from the merits of a controversy concerning the substantive right of ownership of the fund created by the award.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1934.