[Civ. No. 8384. Second Appellate District, Division Two.—June 28, 1934.]

R. A. THROOP, Respondent, v. W. W. McGREGOR, Appellant.

Sebald G. Cheroske and A. C. Brydonjack for Appellant.

Bickler, Smith, Parke & Catlin for Respondent.

ARCHBALD, J., *pro tem.*—From a judgment in favor of plaintiff giving her the balance of an award paid into court in a condemnation action brought by the City of Los Angeles, defendant W. W. McGregor has appealed.

July 1, 1921, Mary McGregor, wife of appellant, executed a lease to plaintiff and her husband covering certain land, together with the buildings and rock-crushing machinery and equipment located thereon, for the period of ten years at an agreed rental, which lease was extended for a further period of fifteen years on April 10, 1926, and on said original date plaintiff executed and delivered to McGregor the following letter: "Mr. W. W. McGregor, Mrs. Mary McGregor, 345 West California St., Pasadena, California. Dear sir and madam: I hereby agree in connection with the

lease of the South Pasadena Rock Crusher this day executed by me that in the event of my death my interest in the lease which you and I have on said Rock Crusher with Mary M. McGregor shall be appraised at the sum of not to exceed the sum of Twenty-five Hundred (2500.00) dollars, and I further agree that I shall be willing to cancel said lease on my part and all my interest therein at any time on the payment to me of the sum of Twenty-five Hundred (2500.00) dollars, and I agree further that Mary M. McGregor has the right to sell any portion of said leased premises in not to exceed two (2) acres thereof, outside of the land on which the crusher stands, without paying me any money therefor." Said lessees jointly operated the plant referred to from July 1, 1921, until the time of trial of this action, dividing the profits equally. On March 26, 1926, the action in eminent domain was filed to condemn a portion of the property covered by said lease, resulting in an award being made in 1929 to said lessees jointly of the sum of $30,338.48. Sufficient funds were collected on assessments to pay said award about ten days prior to July 3, 1931, the date the complaint herein was filed, but a dispute arose between said lessees as to the division of said award, which resulted in the filing of the said complaint. September 25, 1931, defendant McGregor tendered plaintiff the sum of $2,500 mentioned in said letter of July 1, 1921, paid same into court and by his answer claimed the right to the balance of said deposit remaining after certain amounts had been paid out on stipulation of the parties. Appellant contends that by virtue of said letter and said tender he became entitled to such balance.

The letter in question, so far as defendant McGregor is concerned, is simply an agreement by plaintiff to cancel the lease and her interest therein "at any time" upon payment of the sum of $2,500. Nothing is said about surrendering, much less transferring to McGregor or anyone else her interest in any other property jointly belonging to said lessees, and even assuming the right to take up said option existed at the time it was attempted to be exercised, we fail to see how it would have helped appellant at that late date.

It is well settled in this state that when the right to such an award accrues it is a personal right which does not run with the land and pass to the vendee. (*McDaniels* v.

*Dickey,* 219 Cal. 89 [25 Pac. (2d) 404].) Here the right became personal before the tender was made, and the only right accruing to appellant therefrom was to have the lease and respondent's interest therein canceled. That act of itself could not give him any right to any part of the award, which became a part of the partnership assets before the tender was made and could only pass to appellant by an agreement separate from a transfer of the lease, and a transfer could not be implied from a mere agreement to cancel same.

█ In our opinion the words "at any time" in the letter above quoted do not mean to the end of time, but only that acceptance of the proposal could be made on payment of $2,500 by appellant within a reasonable time; and under section 1587 of the Civil Code it was revoked by a failure to accept long before the time tender was made.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1934.