[L. A. No. 15187. In Bank.—October 22, 1935.]

BANK OF AMERICA OF CALIFORNIA, Respondent, v. CITY OF GLENDALE (a Municipal Corporation), Appellant.

Bernard Brennan, City Attorney, Aubrey N. Irwin, Assistant City Attorney, and A. L. Lawson, Deputy City Attorney, for Appellant.

Freston & Files and Ralph E. Lewis for Respondent.

CURTIS, J.—The City of Glendale instituted proceedings under the Street Improvement Act of 1903 to widen Colorado Street in said city by taking a strip ten feet in width from all lots fronting upon said street. At that time M. Khodigian was the owner of certain lots fronting said street and was named as a defendant in said action. A *lis pendens* was filed for record on the day the action was instituted. On November 1, 1926, an interlocutory decree was entered in said action awarding defendant Khodigian the sum of $2,937.20 as compensation for that portion of the frontage taken from his said lots. On December 14, 1926, Khodigian by grant deed conveyed said lots to B. H. Brown, who was at all times mentioned herein acting for the Merchants National Trust and Savings Bank. At the same time Khodigian executed an assignment of his interest in said award to Brown. This assignment was never recorded. Brown, on December 31, 1926, by grant deed conveyed said lots to one Eversole, and by like conveyances Eversole conveyed said lots to one Bernheim on February 25, 1927, and Bernheim on May 6, 1927, to W. K. Jewett. Each of these grant deeds described the lots, including that portion sought for street purposes, without exception, reservation or agreement concerning the portion thereof sought to be condemned, or the disposition of compensation therefor, and were duly recorded. After Brown had conveyed by grant deed said lots to Eversole, and on February 28, 1927, he executed an assignment of said award to his principal, the Merchants National Trust and Savings Bank, and said bank on or about April 29, 1927, filed a petition in said condemnation proceedings praying that it be substituted as a party defendant in the place of Khodigian and that said award be paid to said bank. Duplicate originals of said assignments were filed with said petition, and a copy of the petition with copies of said assignments was served on the city attorney of the City of Glen-

dale, but said petition was never heard or considered by the court. The plaintiff herein, as the successor in interest of said bank, subsequently succeeded to whatever interest said bank acquired in said award by the assignment to it from Brown. Neither the assignment of said award by Khodigian to Brown, nor that by Brown to the bank, was ever recorded. In due time the City of Glendale levied an assessment in accordance with the provisions of the Street Improvement Act of 1903 for the purpose of paying the awards and incidental expenses involved in said condemnation proceeding. The amount of said assessment against those portions of said lots belonging to Khodigian at the commencement of said action, and not taken for street purposes, was fixed and determined to be the sum of $3,202.03. On October 8, 1927, Khodigian executed a satisfaction of judgment in duplicate of said award, together with a written demand for offset of said assessment by the amount of said award (the amount of which was $2,937.20), which satisfaction and demand for offset were delivered to the street superintendent of said city by William K. Jewett, who at that time, as we have shown, was the owner of said lots. The difference between said award and said assessment was paid to the superintendent of streets by Jewett and that official complied with said demand for offset and filed a duplicate satisfaction of judgment and demand with the clerk of the court in which said condemnation proceedings were pending, as provided by the provisions of said Street Improvement Act. Prior thereto neither Jewett nor said superintendent of streets had any notice or knowledge of any of the aforesaid assignments or of any agreement that Jewett as purchaser, would not be entitled to said award, except such notice as might be implied from the facts above stated. On April 18, 1928, final judgment of condemnation was made and entered in said action. Prior to the entry of said final judgment the City of Glendale had not entered upon nor taken for street purposes any portion of the lots herein mentioned. On February 27, 1930, the plaintiff herein, as the successor in interest to the Merchants National Trust and Savings Bank, regularly filed a claim with the City of Glendale demanding the amount of said award, which claim was thereafter denied. Upon the refusal of the City of Glendale to pay said claim the plaintiff herein instituted this action to recover from said City of Glendale the amount of said

award. The parties to said action stipulated to the facts of the case, as set out above, and in accordance with said statement of facts the trial court made findings and rendered judgment in favor of plaintiff for the amount of its said claim and interest. From this judgment the City of Glendale has appealed.

The contention of appellant is that where real property subject to pending condemnation proceedings is purchased prior to the time the condemnor may voluntarily abandon said proceedings, and the deed conveying said property is silent as to the award money to be paid in said proceedings, in the absence of any agreement of the parties to the contrary, said money belongs to the purchaser.

■ The condemnation proceedings, in which the award involved herein was made, were instituted and prosecuted under the Street Improvement Act of 1903, and not under the general provisions of the Code of Civil Procedure. (Secs. 1237 to 1264.) Where the general provisions of the code relating to eminent domain are contrary to or inconsistent with the provisions of the Street Improvement Act of 1903, the latter prevail and control and govern the rights of the parties to said proceeding. (*City of Los Angeles* v. *Agardy et al.*, 1 Cal. (2d) 76, 80 [33 Pac. (2d) 834], *City of Los Angeles* v. *Abbott*, 217 Cal. 184 [17 Pac. (2d) 993], and *Frank* v. *Maguire*, 201 Cal. 414 [257 Pac. 515].)

■ By section 1255a of the Code of Civil Procedure the plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment. It has been held that "final judgment" as used in this section means the interlocutory judgment fixing the award or amount of damages to which the defendant in the proceedings is entitled. (*McDaniels* v. *Dickey*, 219 Cal. 89, 92 [25 Pac. (2d) 404].) Section 14 of the Street Improvement Act of 1903 provides that, "The city council may *at any time prior to the payment of the compensation* awarded the defendants, abandon the proceedings, by ordinance, and cause the said action to be dismissed . . . " It thus appears that there is a marked difference in the two modes of procedure. In one case the proceedings may be voluntarily abandoned only within the thirty-day period immediately following the date of the interlocutory judgment, and in the other the city or condemnor has the right to aban-

don said proceedings at any time prior to the payment of the award.

■ The deeds under which the City of Glendale justifies its payment of said award to Jewett (by having the amount of said award offset against the assessment), that is the deeds through which Jewett acquired Khodigian's title to said lots, were all executed after the date of said interlocutory judgment and long prior to payment of said award and during the time when the city could have voluntarily abandoned said proceedings and dismissed the condemnation action. None of said deeds, as we have seen, contained any reservation of or any reference to said award. The law seems to be well settled, at least outside of this state, that a deed executed under those conditions conveys and transfers to the purchaser the right to the award. We will later refer to the California cases bearing upon this question. Among the authorities supporting the above statement, the following may be cited: 20 Cor. Jur. 862; *Hamilton* v. *Big Medicine Drainage Dist. No. 1,* 217 Mo. App. 247 [261 S. W. 940]; *Griffeth et al.* v. *Drainage District No. 41,* 182 Iowa, 1291 [166 N. W. 570]; *Charde* v. *City of Brooklyn,* 8 Misc. 598 [20 N. Y. Supp. 390]; *In re Twelfth Avenue, South,* 74 Wash. 132 [132 Pac. 868, Ann. Cas. 1915A, 730]; *Obst* v. *Covell,* 93 Minn. 30 [100 N. W. 650]; *Gates* v. *De La Mare,* 142 N. Y. 307 [37 N. E. 121]; *Meginnis* v. *Nunamaker,* 64 Pa. 374.

The rule as stated in Corpus Juris, *supra,* is as follows: "Where land is sold subsequent to the award but before payment is made or security given by the condemnor, and the conveyance is silent as to the right to damages, such right passes to the purchaser."

The Supreme Court of Washington states the rule and the reason therefor in *In re Twelfth Avenue, South, supra,* quoting from its decision in *Damon* v. *Ryan,* 74 Wash. 138 [132 Pac. 871, `Ann. Cas. 1915A, 734], in the following clear and concise language: "Where the conveyance of the land pending condemnation is by deed, without reservation, the only certain and just rule is that the money to be paid for the right to take or damage property shall be paid to the person or persons owning the property or having an interest therein at the time when the condemnation has reached that point of completion where it is not subject to abandonment and when

the right to compensate becomes an enforceable demand against the condemnor.''

We might continue to quote excerpts from the authorities cited above, but those set forth above are sufficient to demonstrate the true rule in jurisdictions generally in this country. Respondent has not called to our attention a single case which tends to hold that the rule outside of this state is not as enunciated in the authorities just cited. While not directly admitting that the rule in other jurisdictions is adverse to its contentions, it virtually concedes the force and effect of the authorities herein cited by its failure to call to the attention of this court any adverse ruling, either conflicting with or qualifying the rule announced therein. It is clear, we think, that respondent relies upon certain California cases in support of its right to receive payment of said award, and we will proceed to discuss them. The following five cases deal with the question involved herein, four of them directly and one only indirectly: *Russakov* v. *McCarthy Co.*, 206 Cal. 682 [275 Pac. 808], *Security Co.* v. *Rice*, 215 Cal. 263 [9 Pac. (2d) 817, 82 A. L. R. 1059], *McDaniels* v. *Dickey*, 219 Cal. 89 [25 Pac. (2d) 404], *Tom* v. *Eddy*, 137 Cal. App. 577 [31 Pac. (2d) 443], and *City of Los Angeles* v. *Agardy*, 1 Cal. (2d) 76 [33 Pac. (2d) 834]. While respondent relies only upon the last two of these cases we think a brief discussion of all five of them may be advisable.

Before discussing these cases it might be well to state the position of the respondent. It contends that a purchaser of property involved in a condemnation action under the Street Improvement Act of 1903, who becomes such after thirty days from the date of the interlocutory decree and before the award is paid under a conveyance which is silent as to the award, has no right to the award, but that the right to the award is then separated from the realty itself and does not pass by a conveyance of the latter. It claims, therefore, that when Brown by his deed from Khodigian, made more than thirty days after the interlocutory decree, became the owner of the lots involved herein, he did not become entitled to the award by virtue of his deed, but that he acquired a right to the award through the assignment thereof from Khodigian. From this premise respondent argues that when Brown conveyed by grant deed without reservations the real property to Eversole, the predecessor in interest of Jewett, no right to

said award passed to Eversole by said grant deed. Respondent concedes that a deed to the real property without reservations made prior to the interlocutory decree passes title to the award to the grantee. Both *Russakov* v. *McCarthy Co., supra,* and *Security Co.* v. *Rice, supra,* involved grants which were executed prior to the entry of the interlocutory decree. They are, therefore, not determinative of any question now before us, although each of these cases contains language most favorable to the appellant, and on which the appellant relies in support of its appeal. But for the reason just stated, neither of these cases is helpful for our present purposes. The case of *City of Los Angeles* v. *Agardy et al., supra,* is important only in that it holds that section 1251 of the Code of Civil Procedure is not applicable to proceedings under the Street Improvement Act of 1903. Appellant has cited this case, but as the point therein involved is not seriously questioned by respondent, we may dismiss this case without further comment.

We now pass to the discussion of *McDaniels* v. *Dickey, supra,* and *Tom* v. *Eddy, supra,* on which respondent relies in support of its contention that the deed from Khodigian to Brown, executed more than thirty days after the entry of the interlocutory decree, did not vest in Brown the right to the money awarded to Khodigian by said interlocutory decree, but that Brown by the separate assignment from Khodigian acquired the absolute right to said award, and that when Brown conveyed said lots to Eversole without any reservation, he did not convey or transfer to his grantee the right to the award. In discussing this case it must be remembered that the condemnation proceedings involved herein are under the Street Improvement Act of 1903, and not under the general sections of the Code of Civil Procedure governing that subject, nor should we lose sight of the fact that under the terms of the Street Improvement Act, the city has the right to abandon the proceedings at any time before the award is paid, while the right to abandon proceedings under the general sections of the Code of Civil Procedure is fixed at thirty days after the date of the interlocutory decree. Construing the case of *McDaniels* v. *Dickey, supra,* most favorably to the respondent, the court there held that a grantee of real property who took the same by deed executed more than thirty days after the interlocutory judgment (in that case the time was one month

and two days) in a condemnation proceeding which provided for the payment of compensation to the grantors, was not entitled to the compensation awarded by said judgment as against said grantors. In other words, respondent construes this decision as holding that after the period of thirty days has elapsed from the date of the interlocutory judgment the award accrues to the original owners of the land, the right thereto is then separated from the land itself, and does not pass under a grant deed by said grantors. Applying this construction of said decision to the facts of the present case, the respondent contends that as the deed from Khodigian to Brown was executed over thirty days after the interlocutory judgment, Brown acquired no right by virtue of said deed to the award, and furthermore when Brown conveyed said lots to Eversole, the latter acquired no right to said award. If the case of *McDaniels* v. *Dickey, supra,* was decided under an understanding that the condemnation proceedings therein involved were being taken under the Street Improvement Act of 1903, then there are some grounds for respondent's contention. We think, however, that it plainly appears from the face of the opinion that this court in its decision of that case had in mind the general provisions of the Code of Civil Procedure relating to condemnation proceedings and not those of the Street Improvement Act of 1903. No reference is made in the opinion to the Street Improvement Act of 1903, nor to any section of said act. On the other hand, the court cites sections 1251, 1252 and 1255a of the Code of Civil Procedure and bases its decision upon the last-named section, which provides that the condemnor may abandon the proceedings at any time before the expiration of thirty days after the final judgment, which, following prior decisions of this court, meant the interlocutory judgment. The judgment in that action was rendered after the sustaining of a general demurrer to the complaint. While we have not been able to obtain the record in that case, we gather from respondent's briefs that it concedes that there is nothing in said complaint to indicate that the condemnation proceedings out of which said action arose were brought under the Street Improvement Act of 1903. Respondent relies upon certain statements in the briefs in that case, and in a decision of that case by the District Court of Appeal which was subsequently

set aside, to support its claim that the award which was the bone of contention in that action arose out of condemnation proceedings brought under the Street Improvement Act of 1903. Conceding that these references in the briefs and in said opinion of the District Court of Appeal were as claimed by respondent, yet a reading of the opinion in the case of *McDaniels* v. *Dickey, supra,* as we have indicated above, shows conclusively that this court in its decision had in mind, and the case was decided upon, the general provisions of the Code of Civil Procedure relating to condemnation proceedings, and not upon the provisions of the Street Improvement Act of 1903. The thirty-day period within which a condemnor may abandon proceedings in condemnation is not to be found in the Street Improvement Act of 1903, but is expressly provided for in section 1255a of the Code of Civil Procedure which, as we have seen, was the foundation of the court's decision in that case. Therefore the claim that the case of *McDaniels* v. *Dickey, supra,* applies to proceedings brought under the Street Improvement Act of 1903 and governs or in any way controls the question now before us in the instant case is absolutely groundless. The case of *Tom* v. *Eddy, supra,* was decided solely upon the authority of *McDaniels* v. *Dickey, supra,* and apparently upon the assumption that the latter case involved a condemnation proceeding under the Street Improvement Act of 1903, when, as we have shown, the opinion in *McDaniels* v. *Dickey, supra,* makes no reference to said act but expressly cites sections of the Code of Civil Procedure, showing that the court had in mind the general law respecting condemnation proceedings and not any special act.

From a review of these cases we are of the opinion that the law of this state as found in our statutes and as declared by our courts is not inconsistent with or contrary to the general law upon the subject involved and as declared and set forth in the authorities hereinbefore cited and the excerpts therefrom quoted above. Under these authorities the deed from Khodigian to Brown, having been executed during that period of time when by the terms of the Street Improvement Act of 1903 the city had a right to abandon the condemnation proceedings, carried with the title to the lots the right to collect the award. Therefore Brown acquired the right to this award by the terms of the deed and not by virtue

of the assignment. But even should we concede that Brown, under his understanding with Khodigian in securing a separate assignment of the award in addition to the grant deed to the lots, acquired the right to the award by virtue of the assignment, yet when he subsequently and while he was the owner of both the award and the lots by grant deed without any reservation as to the award, conveyed the lots to Eversole, the right to the award passed with the title to the lots. Jewett subsequently through grant deeds acquired title to the lots while the City of Glendale still had the right to abandon the condemnation proceedings. The right to the award followed the title to the lots and was in Jewett at the time the award was paid by the City of Glendale. The award therefore, was properly paid to Jewett, and the asserted rights of the plaintiff in this action are without legal foundation.

We do not mean to hold that Khodigian or Brown, or any of the intervening owners of said lots, could not have conveyed the right to said award separate and apart from the title to said lots, had either of them so provided in his deed or other conveyance. But, as we have pointed out, each of these parties in conveying said lots did so by grant deed without any exception, reservation, or reference to said award. Under these deeds the award followed the title to the lots and vested in the grantees as part of the real property.

 There is no merit in respondent's contention that the City of Glendale had notice that Khodigian had conveyed his interest in said award to Brown by a separate written assignment. This contention is based upon the notice of motion served by the Merchants National Trust and Savings Bank, with duplicate copies of said assignment. Assuming that Brown acquired title to said award through said written assignment, as we have just stated his subsequent grant deed to Eversole conveyed to the latter all Brown's interest in said award. So even if Brown acquired the right to said award through said written assignment, he parted with such right before he attempted to assign it to the bank.

For the reasons expressed herein, the judgment is reversed; and as the facts as found by the court were all admitted by written stipulation of the parties, and as so stipulated were carried into the findings, the trial court is directed to enter

judgment in favor of appellant upon the facts found by the court.

Seawell, J., Conrey, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.