The CITY OF AUSTIN et al., Petitioners,

v.

CAPITOL LIVESTOCK AUCTION COMPANY, Inc., Respondent.

No. B–1290.

Supreme Court of Texas.

March 18, 1970.

Rehearing Denied May 6, 1970.

H. Glenn Cortez, City Atty., Crawford C. Martin, Atty. Gen., Woodrow Curtis and Dudley Fowler, Asst. Atty. Gen., Austin, for petitioners.

Garey, Colbert & Kidd, Jack Garey, Austin, for respondent.

POPE, Justice.

City of Austin instituted this eminent domain suit against Capitol Livestock Auction Company, Inc., for the purpose of taking 0.8107 of an acre of land needed for widening Highway 183. The trial court rendered judgment against the condemnor upon the basis of jury findings that the market value of the land taken was $41,678, the value of the remainder before the taking was $258,322, and the value of the remainder after the taking was $150,000. The trial court subtracted the sum of $38,-

500 which the condemnor had deposited following the commissioners' award, added the interest from the date of taking to the date of judgment and rendered judgment in the sum of $141,555 for Capitol Livestock. The court of civil appeals affirmed the judgment of the trial court. 434 S.W.2d 423.

The condemnor urges that the courts below erred in rendering judgment for damages done to a remainder tract because there was no remainder tract at the time of the taking. Condemnor also urges that, as to the part taken, the trial court erred in admitting evidence of a sale made to the Southwestern Bell Telephone Company. It says that the sale was not a comparable sale, because the telephone company possessed the power to condemn. We sustain the condemnor's first contention, but the other point presents harmless error under the record.

The courts below should not have rendered judgment for damages to the land the condemnor did not take, because the condemnee had sold the remainder tract prior to the date of taking. The City of Austin filed its original petition in eminent domain on September 27, 1962, and described the land to be taken as 0.8107 of one acre of land "out of" a larger tract. At that time Capitol Livestock was operating cattle auction facilities on a 7.5 acre tract. The part which the condemnor planned to and later did take was used for a parking area, and the remaining 6.69 acres were used for such facilities as livestock pens, a barn, cafe building, office building and an auction arena. On October 29, 1962, the commissioners made their award of $38,500, and the award recited that it included severance damages. On November 1, 1962, Capitol Livestock, as vendor, and Finley D. Blackwell, as vendee, entered into a written contract by which the vendor agreed to convey the remainder of the property to the vendee or his assigns for a consideration of $150,000. $25,000 was then placed in escrow pending the closing of the trade, $50,000 was to be paid on

closing, and the balance was to be paid in three annual installments of $25,000 each. On November 5, Capitol Livestock surrendered possession of the remainder tract to its vendee. On November 6, Capitol Livestock filed objections to the award. On December 11, 1962, the vendor and vendee signed a joint letter to the escrow agent wherein they wrote: " * * * the terms of the contract have been fulfilled by all parties thereto and you are hereby authorized to deliver the $25,000 held in escrow to Capitol Livestock * * *." The escrow agent on that date surrendered the escrow money to Capitol Livestock and its vendee paid Capitol Livestock the additional sum of $50,000. On that date Capitol Livestock executed its deed but the deed was not delivered until several days later. Capitol Livestock stated that this delay was intentional and was to make sure the checks cleared the bank.

The day after the December 11 closing of the trade, the City of Austin deposited the sum of $38,500 in the registry of the county court. The deed from Capitol Livestock was recorded on December 21, 1962. In January 1963, the City took actual possession of the 0.8107 of an acre but it has never been in possession of any part of the other 6.69 acre tract. The case was not heard on appeal from the commissioners' award until May 8, 1967. Prior to the commencement of the trial on appeal, the condemnor filed a motion to suppress any evidence concerning damages to a remainder tract. Its contention was that damages which an owner may recover are measured by the fair market value of the land on the date of the taking which was December 12, 1962, and on that date, Capitol Livestock owned the 0.8107 of an acre which was taken, but it did not own any remainder. The condemnor attached to its motion the documents which showed the contract of sale, the executed deed, the joint letter of the buyer and seller to the escrow agent and the condemnor's deposit of the award. The trial court overruled the motion to suppress, and the condemnor then made proof of the facts stated above by a bill of exception. The court of civil appeals affirmed the judgment, which allowed damages to the remainder. In our opinion this was error.

■ Capitol Livestock was entitled to receive in the condemnation proceedings the market value of the land taken and damages to any remainder of the tract it owned as of December 12, 1962, the date of the taking. "It is the owner at the time of the taking, not the owner at an earlier or later date, who is entitled to the compensation." 29A C.J.S. Eminent Domain § 196; Williams v. State, 177 S.W.2d 106 (Tex.Civ.App. 1943, writ ref.). With respect to lands that are actually taken, the rule is: "In general, where property is conveyed after the commencement of condemnation proceedings but before the time when the taking is complete, the purchaser is entitled to the compensation, unless such compensation is expressly reserved to the grantor." 29A C.J.S. Eminent Domain § 202, p. 911; Brazos River Conservation & Reclamation District v. Harmon, 178 S.W. 2d 281, 286 (Tex.Civ.App.1944, writ ref. w. o. m.); Powell v. Carson County, 62 Tex.Civ.App. 197, 131 S.W. 235 (1910, writ ref.); Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529 (1955); Bank of America of California v. City of Glendale, 4 Cal.2d 477, 50 P.2d 1035, 1037 (1935); Security Co. v. Rice, 215 Cal. 263, 9 P.2d 817 (1932); Hamilton v. Big Medicine Drainage Dist. No. 1, 217 Mo.App. 247, 261 S.W. 940 (1924); North Carolina State Highway Comm. v. Hettiger, 271 N.C. 152, 155 S.E.2d 469 (1967); Annotation, 82 A.L.R. 1063.

■ The basis for damages to a remainder tract is that there is unity of use and unity of ownership with that tract and the part actually taken. Texas-New Mexico Pipeline Company v. Linebery, 326 S.W. 2d 733, 739 (Tex.Civ.App.1959, writ ref. n. r. e); McLennan County v. Stanford, 350 S.W.2d 208 (Tex.Civ.App.1961, no writ); 27 Am.Jur.2d., Eminent Domain, § 320, 29A C.J.S. Eminent Domain § 181; 95 A.L.R.2d

887, 890 et seq.; 6 A.L.R.2d 1197. Logically, for one to recover damages to a remainder tract, there must be a remainder on the date of the taking. Under the facts of this case, Capitol Livestock did not own any remainder tract on December 12, 1962. Equitable title was in the vendee in possession as of November 5, 1962. In Leeson v. City of Houston, 243 S.W. 485, 488 (Tex. Comm.App.1922, Jdgmt. adopted) the court said:

"By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him. * * *."

In City of Garland v. Wentzel, 294 S.W. 2d 145 (Tex.Civ.App.1956, writ ref. n. r. e.) Wentzel sued for damages done to his property by reason of air pollution from a sewage disposal plant. City of Garland urged that the Veterans Land Board retained legal title to the tract damaged, and it was not made a party to the suit. The court held that Wentzel, as owner of the equitable title, could bring the suit, saying: "It is well settled that the purchaser under an executory contract of sale acquires equitable title to the realty; having exclusive right to sue for damages to the freehold." The principle has been applied to the law of eminent domain and is summarized in this statement: "Since in equity a vendee in possession of land under a contract of purchase is regarded as the owner, the dominant view is that if the land is taken for public use under the power of eminent domain, he, and not the vendor is entitled to the award." 27 Am.Jur.2d, Eminent Domain, § 248. Accord, Arko Enter-

prises, Inc. v. Wood, 185 So.2d 734 (Fla. App.1966); Wolfe v. Iowa Ry. & Light Co., 173 Iowa 277, 155 N.W. 324 (1915); Director of Highways v. Bennett, 118 Ohio App. 207, 193 N.E.2d 702 (1962); Pierce County v. King, 47 Wash.2d 328, 287 P.2d 316 (1955); 2 Nichols on Eminent Domain, § 5.21(1).

■ We conclude from the evidence in this case that Capitol Livestock, in parting with its title to the entire remainder prior to the date of taking, destroyed the unity of use and ownership which was necessary to support damages to a remainder tract.

The condemnee argues that the condemnor is estopped from asserting the lack of unity of use and of ownership between the part taken and the part the condemnee sold before the taking. It says that a condemnor may not dismiss its condemnation suit as to a part of the land after the property is taken. A number of cases hold that after a taking the condemnor may not surrender to the condemnee a part of the land taken. The court of civil appeals cites in support of its holding, Fort Worth Concrete Company v. State, 400 S.W.2d 314 (Tex. Sup.1966); Lower Nueces River Water Supply District v. Cartwright, 160 Tex. 239, 328 S.W.2d 752 (1959); Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953 (1952); and Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W. 2d 842 (1943). All of these cases were instances of a total taking in which the condemnor had actually made its deposit of an award, or by agreement had taken the property, or was in actual physical possession of the land before the condemnor sought to free itself of a part of the land. The condemnor was not permitted to dismiss its proceeding in those cases because the condemnee could not be restored to his status quo.

■■ We adhere to the principle that a condemnor may not dismiss its action as to lands it has taken, since the condemnee cannot then be restored to the

status quo. In this case, however, the condemnor has never been in possession and does not seek to take possession of the remainder tract. It does not seek a dismissal as to any part of the land it has taken. It did not seek a dismissal at all. The question arises in this case only as a matter of proof of damages to land which it has not taken. We conclude that the condemnee should not have been permitted to prove damages to lands which it did not own at the time of the taking. Since there was no remainder tract, nobody was entitled to damages for a partial taking.

■ The condemnor urges that the trial court erred in permitting a witness to testify about a sale to Southwestern Bell Telephone Company. The witness testified that the telephone company paid $125 per front foot for a site on which it needed to erect a building for a dial exchange. The evidence was improperly admitted since the telephone company is a corporation which has the power of eminent domain. Gomez Leon v. State, 426 S.W.2d 562 (Tex.Sup.1968). There was other testimony, however. Witness Perrone, a qualified land appraiser, testified that the value of the tract taken was $100 per front foot and that the 416 feet of frontage in question would total $41,600. He supported his opinion testimony by proof of two other comparable sales along the same highway. Each of those sales brought $100 a front foot. The jury found that the value of the property taken was $41,678. We regard the improper testimony as harmless under this record. Barshop v. City of Houston, 442 S.W.2d 682 (Tex.Sup.1969).

The judgments of the courts below awarded compensation to Capitol Livestock for the property which City of Austin took and they also awarded severance damages to a remainder tract. Capitol Livestock was not entitled to recover severance damages, and the judgments are modified to eliminate such damages. As modified, the judgments are affirmed. Costs shall be equally divided between the condemnor and condemnee.

Dissenting opinion by REAVLEY, J., in which WALKER, J., joins.

McGEE, J., notes his dissent.

REAVLEY, Justice (dissenting).

It was determined below that Capitol Livestock suffered $108,322 in damage to the 6.69· acre remainder because of the taking of the 0.8107 of an acre. This court decrees that there may be no compensation for that damage, because at the time of "taking" Capitol Livestock had parted with equitable title to the 6.69 acres.

There is no question here as to the relative right to compensation between Capitol Livestock and its vendee, Blackwell. Under the circumstances of this case we should presume that Capitol Livestock retained this right of recovery. But even if the record had shown a written agreement to that effect, and a disclaimer by Blackwell, the holding of the majority would still deny recompense.

The court here is concerned with rules as to the date of "taking" and as to the requirement of unity of use and ownership. I believe that neither rule should prevent recovery by the landowner.

But for this condemnation, there would be only one tract. The partial acre was lost to this 7.5 acre tract only because of the highway condemnation. The deed from Capitol Livestock to Blackwell was not delivered until after December 12, which was the date of taking when the money was deposited in court by the condemnor. I would hold that Capitol Livestock's legal title gave unity of ownership, and I would not regard the condemnor's own line of severance as destroying unity of use.

We should go further to protect the landowner who wants to sell, or does sell, his

land after the legal proceeding in condemnation is commenced but before the "taking." Even if Capitol Livestock had delivered its deed on December 11, it would have been damaged. And under the other facts of this case, recovery should be permitted.

WALKER, J., joins in this dissent.