CATHERINE KOERPER and others *vs.* ST. PAUL & NORTHERN PACIFIC
RAILWAY COMPANY.

January 14, 1890.

**Eminent Domain — Contiguous Lots as One Tract.** — The rules laid
down in *Wilcox* v. *St. Paul & Nor. Pac. Ry. Co.*, 35 Minn. 439, and
*Peck* v. *Superior Short Line Ry. Co.*, 36 Minn. 343, as to when contigu-
ous city lots will be deemed to constitute one tract in condemnation pro-
ceedings for railway purposes, followed and applied.

Plaintiffs brought this action in the district court for Hennepin
county, to recover possession of block 13 in Bottineau's second addi-
tion to St. Anthony on which they alleged the defendant had built its
railway, and $3,000 for withholding it. The defendant, in its an-
swer, admitted that it had built its railway in certain streets oppo-
site lots 5 and 6 of the block, and alleged a grant from the city of
Minneapolis of the right so to occupy the streets, and that it had ac-
quired the right to build opposite lot 6 by condemnation proceedings
against the person then appearing of record to be the owner of the
lot. It further alleges that it had paid no compensation to the own-
ers of lots 5 and 6, except as before stated, and that it "is ready and
willing to pay such compensation on having the same assessed by the
jury trying this action, provided the plaintiffs on the trial shall es-
tablish their right to recover said premises." At the trial before
*Hooker*, J., the plaintiffs offered to prove that block 13 was worth
without the railway $12,000, and with it but $8,000. The offer was
rejected on the ground that the evidence of damage must be limited
to lots 5 and 6, and the plaintiffs excepted. The jury assessed plain-
tiffs' compensation at $300 for the taking of lot 6, and $200 for lot
5. A new trial was refused, and the plaintiffs appealed.

*Geo. C. Ripley, C. E. Brennan, S. A. Booth,* and *Jackson, Atwater &
Hill,* for appellants.

*D. A. Secombe,* for respondent.

MITCHELL, J. We think this case is controlled by the principles
announced in *Wilcox* v. *St. Paul & Nor. Pac. Ry. Co.*, 35 Minn. 439,
(29 N. W. Rep. 148,) and *Peck* v. *Superior Short Line Ry. Co.*, 36

Minn. 343, (31 N. W. Rep. 217.)   The property in question, block 13 in Bottineau's second addition to St. Anthony, was urban property which had been platted and divided into 10 lots.   Presumably this division was with a view to its disposal and ultimate use in such subdivisions.   If nothing more should be shown, each lot should be treated as a separate tract.   *Prima facie* that character had been given to it by the proprietors; and, if any facts existed sufficient to rebut this presumption, the burden was on plaintiffs to prove them. No evidence was offered to show that the property possessed any special adaptability for use as one tract for any particular purpose, or that the lots had any such connection or relation of adaptation or convenience for actual and permanent use as one tract, so as to render that mode of use reasonably necessary to the most advantageous and profitable enjoyment of the property.   Nor was any evidence offered that the proprietors had ever improved it, or ever made any actual or permanent use of it, as one tract or otherwise, except the fact that they had leased the whole block to one Backus for a term of two years, the lease not specifying or limiting the uses to which he might put it.   It is true the lessee was using it as one tract, as a yard on which to pile lumber; and, if the railway company was proposing to condemn the lessee's interest in any part of the block, an entirely different question would arise.   But these proceedings are only against the plaintiffs, as owners, and the result cannot affect the lessee.   So far as the plaintiffs are concerned, they have offered no evidence reasonably tending to overcome the *prima facie* character of the lots as separate or distinct tracts, or tending to show that they have devoted them to actual and permanent use as one tract. The temporary use of vacant city lots for the deposit or storage of wood, lumber, or other bulky articles, until the land is needed for improvement and use for the purposes for which it is ultimately and permanently designed, is not an uncommon thing.   This, however, is ordinarily nothing more than what is termed, in *Peck* v. *Superior Short Line Ry. Co.*, *supra*, a mere "fugitive and temporary" use, and not an actual and permanent one, such as is necessary to constitute the whole premises one tract.   Such temporary use is the very most that could be inferred from the mere fact that plaintiffs leased the

whole block for two years to Backus; they themselves having in fact never devoted it to any use whatever. The court below was therefore right, on this state of facts, in excluding evidence of damages to the lots other than those of which the railway company took a part.

Order affirmed.