A. M. HOVE v. BANKERS' EXCHANGE BANK and Others.

January 17, 1899.

Nos. 11,386—(77).

**Shifting Position upon Appeal—Filing Claim with Receiver of Insolvent Bank.**

Where a party moves the court below for leave to file a claim with a receiver appointed in proceedings instituted under the provisions of G. S. 1894, c. 76, and alleges in his moving papers that the time fixed by the court for filing has expired, but asks relief on the ground of excusable neglect, he cannot shift his position on appeal, and contend that the time within which claims are required to be exhibited has not expired, because the provisions of G. S. 1894, § 5911, were not observed by the court when making its order.

**Discretion of Court.**

There was no abuse of discretion when the court below denied the motion.

From an order of the district court for Hennepin county, Smith, J., denying a motion for leave to file the claim described in the opinion, Gunder B. Gunderson appealed. Affirmed.

*Alvord C. Egelston,* for appellant.

The notice provided for in G. S. 1894, § 5911, and required to be given to creditors is mandatory and exclusive. Buffum v. Hale, 71 Minn. 190; Minneapolis Paper Co. v. Swinburne Printing Co., 66 Minn. 378; Hanson v. Davison, 73 Minn. 454; National G. A. Bank v. St. Anthony Park R. E. I. Co., 61 Minn. 359; McKusick v. Seymour, Sabin & Co., 48 Minn. 158.

*A. B. Darelius,* for respondent.

COLLINS, J.

Appeal from an order denying appellant's motion for leave to file with its receiver a claim against defendant bank, which, according to the moving papers, was based upon the fraud and deceit of the president of such bank, practiced upon the claimant by inducing him, while the bank was a going concern, to accept as part payment upon his deposit on open account a worthless certificate of deposit for $500, payable to the order of the bank, purporting to have been issued by another bank, and maturing about 11 months thereafter, with interest at 8 per cent. The motion was made upon the grounds that the claim was a just and valid one, and that the claimant's failure to file it within the time limited therefor was through excusable neglect.

1. In this court counsel for appellant contends that as the proceedings wherein a receiver was appointed for defendant bank were under G. S. 1894, c. 76, and the order to file claims, which bore date April 8, 1897, and required all claims to be filed before May 15 of that year, failed to comply with the requirements of G. S. 1894, § 5911, but was made as if the original action against the bank was an ordinary insolvency proceeding, there has been no valid order made, requiring creditors of the bank to exhibit their claims and become parties to the proceedings. He claims, as a consequence, he is not in default.

The point is not properly before us for decision. In his moving papers appellant assumed that a valid order limiting the time for filing claims had been made, and that the time had duly expired. He sought to be relieved from an admitted default on the ground of excusable neglect. The court below passed upon this question. It has never considered the one now presented. The appellant cannot now shift his position, and take one directly opposed to that occupied in the court below. He must abide by the allegations in his application for relief in that court, and cannot now be allowed to deny facts distinctly affirmed and passed upon when his motion was denied.

2. Assuming that the appellant had a claim which might have been allowed, if presented in time, and that his method of procedure for leave to file is regular, we have simply to inquire whether the

court below abused its discretion when it refused to excuse him for his failure or neglect to file the claim within the prescribed time. A statement of the facts will show that there was no abuse of discretion.

The appellant was a stockholder in defendant bank, and on January 25, 1896, had on deposit therein, on open account, over $4,000. On that day the president of the bank advised him that there was immediate danger of the bank's failure, unless the larger depositors would take some of its bills receivable in satisfaction and payment of their deposit accounts. This was at appellant's place of business, not at the bank; and the somewhat accommodating president had with him interest-bearing bills receivable, belonging to the bank, amounting to $4,000, including the worthless certificate before mentioned. Within a half hour the transaction was completed. The president, in behalf of the bank, indorsed all of the paper, without recourse, and delivered it to appellant; and he turned over his check for the sum of $4,000, which reduced his deposit to a trifle over $200.

It was in this transaction that the alleged fraud and deceit were practiced. The $200 was checked out by appellant before the bank closed its doors. The receiver was appointed February 10, 1897, or within two weeks after appellant obtained the paper with full knowledge of the situation.

About March 1 he learned that the certificate was of no value, and he then accepted the personal obligation of the party who had signed it, as cashier of the pretended bank, for the amount due, and surrendered the certificate to him. The note matured in December, 1897, and was not paid, and it is averred that the maker was and is insolvent.

Meantime, as before stated, the order requiring creditors to file their claims had been made, the time therein specified (May 15, 1897) had expired, and those who had acted upon it, and whose claims had been allowed, had been paid 90 per cent. of the amounts due. Then, upon February 18, 1898, alleging that he had no knowledge of the order as to the filing of claims until a few days previous, the appellant made the motion in question. In the exercise of a sound discretion, the court below had the right, and it was its duty, to take into

consideration all that had transpired in regard to this matter from the time appellant (with notice of the precarious condition of the bank in which he was a stockholder), with the help of its president, obtained, as he supposed, assets of the value of $4,000 in preference to other creditors, who have received only 90 per cent. of their dues, and this through the receivership proceedings, down to February 18, 1898, when he first seems to have realized that he had any claim upon the assets in the possession of the receiver not already distributed. It is obvious that appellant was not entitled to any relief at the hands of the court.

Order affirmed.