# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

W. D. HASLAM v. FIRST NATIONAL BANK OF MINNEAPOLIS.[1]

January 24, 1900.

Nos. 11,837—(185).[2]

**Transfer of Stock Certificates—Pledge.**

Action by an alleged owner of stock against a bank for damages for failure to transfer the stock upon its books. Claimed by intervenor that he had acquired the stock by virtue of a sale thereof under execution against the vendor. .

**Verdict Sustained by Evidence.**

Evidence examined, and *held* to support the verdict.

**Charge to Jury.**

Charge of court upon question of ownership of stock examined, and found to contain no error.

Action in the district court for Hennepin county to recover $9,000 damages for refusal to transfer stock. John C. Oswald intervened, claiming title to the stock. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of intervenor; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Henry J. Gjertsen* and *Frank K. Pratt,* for appellant.
*Chas. G. Laybourn,* for respondent.

---

[1] See note on page iv, supra.  [2] October, 1899, term.

LEWIS, J.

The plaintiff brought this action against the First National Bank of Minneapolis to recover damages for its refusal to transfer upon its books two certificates of stock of said corporation alleged to have been issued to John Schulte, and purchased by plaintiff. John C. Oswald intervened in said action, claimed title to the stock by virtue of a sale under execution against said Schulte, and demanded judgment that the stock be transferred to him upon the books of the bank. At the time the cause came on for trial in the court below, the following stipulation was entered in the record:

"In order to relieve the defendant bank from further participating in the trial, it was agreed between all the parties that: If a verdict was for the plaintiff, the verdict shall be in the form that, 'Plaintiff is the owner of the shares of stock described in the complaint, and that the defendant bank deliver to the plaintiff new certificates for the said 80 shares.' If the verdict is for the intervenor, then it shall be in the form that, 'The intervenor is the owner of the 80 shares of stock described in the complaint, and that the defendant bank deliver to the intervenor new certificates for the said 80 shares.' "

It was further agreed that the value of the stock should not be determined. The trial resulted in a verdict for the intervenor, and plaintiff appeals from an order denying a new trial.

Of the many assignments of error, it is necessary to consider only the following:

1. Those which go to the sufficiency of the evidence to sustain the verdict. The plaintiff introduced no evidence except the certificates of stock in question, with the indorsements thereon, and the bills of sale purporting to transfer the same by Schulte to the plaintiff. Depositions of the plaintiff and of Schulte taken on behalf of the plaintiff were offered in evidence by the intervenor, and this was all the evidence upon the question of the sale of the stock by Schulte to plaintiff. Appellant contends that these depositions do not contain any evidence tending to show a fraudulent or void sale of the stock to plaintiff. We have read them carefully, and considered them in relation to the other evidence in the case, and are unqualifiedly of the opinion that the verdict is supported by the evidence.

2. The court charged the jury as follows:

"*  *  *  If you find from the evidence in this cause, and under this charge, that the said John Schulte was the owner of said 80 shares of stock at the time of the levy of said attachment, then the title to said 80 shares of stock, or to whatever interest therein was then owned by said Schulte, passed to said John C. Oswald by virtue of said attachment and said execution sale, and you should return a verdict that the intervenor is the owner thereof. But if, on the contrary, you find there was a valid and bona fide sale of said stock to said plaintiff, Haslam, prior to the levy of said attachment, then you should return a verdict that the said Haslam is entitled to, and is the owner of, said 80 shares of stock. The parties have agreed upon two forms of verdict which will be delivered to you,— one a verdict finding the plaintiff, Haslam, to be the owner of said shares of stock; and the other a verdict finding said John C. Oswald, the intervenor, to be the owner of said 80 shares of stock."

To this part of the charge appellant attempted to except, as follows:

"Plaintiff also excepts to that portion of the charge in which the court instructs,  *  *  *  If the jury should find that Schulte secured a loan from the plaintiff, and pledged the stock simply as security for such loan, then the title of Schulte passed to John C. Oswald upon the execution sale. The Court: I did not so instruct the jury. Mr. Gjertsen: Well, the point I desire to make is that I take an exception to that part of the charge where the court instructs the jury that if Haslam, the plaintiff, was simply a pledgee of the stock, that the intervenor secured a title to the stock, against him, upon the execution sale. The Court: I did not so charge them."

Conceding that the exception taken is sufficient, we will consider whether there was error. It is claimed by appellant that this exception was intended to apply to these words employed by the court, "*  *  *  or to whatever interest therein was then owned by said Schulte,  *  *  *"  and that these words, taken in connection with the context, amounted to a direction to the jury to return a verdict for the intervenor if they should find that the plaintiff held the stock as pledgee.

Authorities are cited to the effect that a pledgee of stock may sue upon the same in his own name, and for this reason appellant assumes that in this action in no event could the intervenor acquire

a greater interest than Schulte had if the stock were held by plaintiff in pledge, and not as owner. True, the plaintiff, upon the facts alleged in the complaint, could maintain the action, as against the bank, whether he be pledgee or owner in fact. So far as the bank is concerned, the pledgee was owner, and it was sufficient if the complaint alleged that he was owner. But after the intervenor pleaded in the action an issue was raised directly upon the validity of the sale by Schulte to the plaintiff. It was alleged by the intervenor that the so-called transfers of stock were without consideration, and were made for the purpose of enabling plaintiff to recover from the bank for the benefit of Schulte. Such being the condition, it was incumbent upon plaintiff to take such course as would apprise the court and the intervenor that the plaintiff intended to claim title as pledgee, and not as owner. By entering into the stipulation as to the form of verdict, and in proceeding all through the trial upon the theory of ownership, the appellant cannot complain of the language referred to. Again, it is doubtful whether this reference by the court to the interest then owned by Schulte had any application to the supposed interest of plaintiff as pledgee. The court submitted the issues to the jury in accordance with appellant's theory of the trial, and we do not find any error in the charge.

Order affirmed.