FRANK J. OBST v. CHARLES L. COVELL and Others.[1]

July 15, 1904.

Nos. 13,975—(196).

**Eminent Domain—Damages.**

In proceedings to condemn land for a railroad right of way, or other public purpose, persons owning the land taken, or having a paramount lien thereon, at the time title to the easement becomes vested in the company, are entitled to the damages assessed therefor.

**Same—Change of Ownership.**

If an owner of such land at the time proceedings are commenced and damages assessed subsequently parts with his title, or it becomes extinguished or transferred by operation of law before the title of the company becomes vested by such proceedings, and the damages as assessed are paid, the right to damages passes, as an incident to the land, to the succeeding owner.

**Vesting of Title.**

The title of the company does not, in such proceedings, become vested until the completion thereof, payment of damages, and entry into possession by the company.

**Redemption from Tax Sale.**

Certain questions argued by counsel in the briefs *held* not to have been presented to the trial court for decision, and not properly before this court for review.

[1] Reported in 100 N. W. 650.

In proceedings in the district court for Ramsey county by St. Paul Terminal & Transfer Company to condemn a right of way over certain land, the commissioners ascertained the damages and awarded the same to the owners and certain holders of tax certificates in proportion to their respective interests. Thereafter plaintiff, Frank J. Obst, filed a complaint in said proceedings alleging that since the filing of the award he had acquired the senior tax lien and had perfected title thereunder to the exclusion of the other claimants, and praying that the entire award be paid to him. Issue was joined by the other claimants, defendants Charles L. Covell and others. The case was tried before Kelly, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Oscar Hallam* and *Henry C. James,* for appellants.

*William G. White,* for respondents.

*Stringer & Seymour,* for St. Paul Terminal & Transfer Company.

BROWN, J.

Proceedings were duly commenced, under the general statutes, by the St. Paul Terminal & Transfer Company, a corporation created under the laws of this state, to acquire the right of way across certain property in West St. Paul, Ramsey county. Commissioners were appointed to assess damages to the owners of the property sought to be condemned and taken, who reported, as to the land involved in this appeal, that the entire damages thereto were the sum of $255, which they apportioned among various claimants as follows:

| | | |
|---|---|---|
| To the state of Minnesota, tax liens | $ 24 | 53 |
| The National Bond & Security Co., tax liens | 29 | 30 |
| Charles L. Covell, tax title | 18 | 11 |
| United States Saving & Loan Assn., tax title | 48 | 77 |
| Arne L. Alness, tax title | 130 | 73 |

The rest and residue of said damages, amounting to $3.56, * * * unto Andrew E. Johnson.

Notice of filing the report of the commissioners was duly given to the interested parties, and Covell and Johnson, to whom awards were made, appealed therefrom to the district court. The report of the commissioners has never been confirmed by the court, nor has the company ever paid the damages assessed to the parties named therein, ex-

cept the amount awarded to the state. The appeals taken by Covell and Johnson are still pending and undetermined. Covell had a tax title against the property. Just what interest Johnson had, does not appear. Alness, named in the report, and to whom $130.73 was awarded, also held a tax title. Subsequent to the report of the commissioners and the appeals taken by Covell and Johnson, the National Bond & Security Company, to which $29.30 was awarded as the holder of a tax title against the property, assigned its tax certificate to the petitioner, Obst. The latter thereafter caused the usual notice of expiration of redemption to be given. No redemption was made, and he acquired and became vested with the absolute title and fee to the land. Thereafter he made application to the court, setting forth his title and ownership, the manner in which he acquired it, and praying that the terminal and transfer company be ordered and directed to pay to him the entire amount awarded as damages to the property, except the amount paid to the state. Covell, Johnson, and Alness appeared and opposed the application. After hearing and due consideration, the court made an order to the effect that Obst was entitled to judgment as demanded by him, and directing the terminal and transfer company to pay him the full sum of $255 awarded by the commissioners, less the sum of $24.53, theretofore paid to the state. Judgment was entered accordingly, from which Covell, Johnson, and Alness appealed.

Two principal questions are presented by the assignments of error. It is contended by appellants that the judgment appealed from should be reversed (1) For the reason, as they urge, that the description of the property as contained in the Obst certificate of tax sale and notice of expiration of redemption is insufficient, that the notice of expiration of redemption fails to state the correct amount required to redeem, and that such notice was not served as required by statute, in consequence of which Obst has no title to the land paramount to the right and title of appellants, and is not entitled to the entire award of damages; (2) that the award of the commissioners is final and conclusive between the parties, and unalterably determines their rights.

1. The first question above mentioned is not properly before us. It was not raised in the court below, and cannot be considered. Obst introduced in evidence on the trial the certificate of tax sale under which he claims, the receipt for delinquent taxes, and notice of expiration of

redemption, with proof of service, to which counsel for Covell, Johnson, and Alness objected on the ground that the instruments were incompetent, irrelevant, and immaterial, coupled with which objection was the statement that the contention of the objectors was that in this proceeding the rights of the parties were all fixed and determined by the award of the commissioners. No suggestion was made to the court that counsel desired to raise any question as to the sufficiency of the title relied upon by Obst, and, by the specific objection made, the trial court was led to believe that the controversy involved only the question whether the award of the commissioners was final, and whether the damages should be paid in accordance therewith, notwithstanding the fact that Obst had subsequently acquired title to the land. No specific findings were made or requested upon this feature of the case, and, in view of the specific objection made to the evidence, counsel must be deemed to have presented and tried the case in the court below upon the theory that, as Obst's title to the land was acquired subsequent to the award of the commissioners, it did not affect the rights of the parties to whom damages had been assessed. The conduct of appellants at the trial was such as to lead the court to so understand, and they cannot be permitted to shift their position in this court. The objection to the evidence was insufficient to call attention to the objections now urged against the admissibility of the evidence, and they are bound by the theory upon which they submitted the case to the trial court, even though the assignments of error properly present the question. Haslam v. First Nat. Bank, 79 Minn. 1, 81 N. W. 535; Piper v. Sawyer, 82 Minn. 474, 85 N. W. 206; Hove v. Bankers Exch. Bank, 75 Minn. 286, 77 N. W. 967; Johnson v. Okerstrom, 70 Minn. 303, 73 N. W. 147; Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567; Pfefferle v. Wieland, 55 Minn. 202, 56 N. W. 824; Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Dunnell, Minn. Pr. §§ 1805, 1899, 1908.

2. The condemnation of land for a railroad right of way or other public purpose does not vest the title to the land in the company, but only an easement therein. The damages awarded in such proceedings are for injuries to the land, and, as a general rule, compensation to the owner of the fee, though any person having an interest therein may be entitled to share proportionately with the owner. The damages assessed are a substitute in money for the land, are incidental thereto,

and belong to whoever owns the land or has the paramount lien thereon. Moritz v. City of St. Paul, 52 Minn. 409, 54 N. W. 370.

At the time the award in question was made, the persons to whom damages were assessed had some interest in the land, and the award was properly made to them. But the report of the commissioners has never been approved or confirmed by the court, and action thereon has been suspended by the appeal of Covell and Johnson, which is now pending and undetermined in the court below. Subsequent to the report of the commissioners, Obst acquired the legal title to the property by perfecting his tax title; and all rights and interests held by the other claimants to whom awards were made, including Covell, Johnson, and Alness, were thereby wholly extinguished. The tax title under which Obst claims was subsequent in point of time to the tax titles held by appellants, and, by perfecting it, all prior liens and claims were extinguished. State v. Camp, 79 Minn. 343, 82 N. W. 645. They are clearly not now entitled to any part or portion of the damages. They now have no interest whatever in the property, and will be in no way injured or damaged by the construction of the railroad.

Damages for taking property under the power of eminent domain are, as we have suggested, assessed and allowed as compensation to the owner of the property taken, and the person who is such owner at the time the rights under the condemnation proceedings vest in the railroad company is entitled thereto. The company acquires no right until the proceedings are completed, award of damages made, and confirmed by the court, and paid by the company, and possession taken. A person might have some title or interest in land thus taken at the time of the commencement of the proceedings, and at the hearing before the commissioners, and be entitled to compensation; but if he subsequently transferred his title or interest by sale of the property, or his title or interest became otherwise wholly extinguished, before the easement became vested in the railroad company, and before payment of the damages or confirmation of the commissioners' report, his right to damages would pass to his successor in interest. Roberts v. Williams, 15 Ark. 43; Carli v. Stillwater & St. P. R. Co., 16 Minn. 234 (260); Bean v. Warner, 38 N. H. 247; Meginnis v. Nunamaker, 64 Pa. St. 374; Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121; Northeastern v. Frazier, 25 Neb. 42, 40 N. W. 604.

The rule is clearly stated in the Carli case, supra, as follows: "If the proceedings to condemn the property were completed and the company acquired title to the easement or right of way over the locus in quo before the execution of the deed, Carli would take the premises subject to the right of the company, and the damages would inure to the owner of the land at the time the right vested in the company; but if the proceedings were not completed, but inchoate, and the company did not acquire a title to the easement prior to the execution of the deed, the premises passed to Carli, and he became the owner, and the right to damages was in him as incident to the ownership." The court then quotes the statutes referring to the question as to whether, on appeal, the title to the condemned property may pass before the trial on appeal, and continues: "It is apparent, we think, from these sections that when an appeal is taken from the report of the commissioners, the title to the premises sought to be taken for the use of the road does not vest in the railroad company before judgment upon the verdict or assessment, and the conclusion is strengthened by a consideration of the other sections relating to this subject. It is not claimed that any payment was made by or on behalf of the company to Schulenberg under the provisions of section 21 referred to (G. S. 1866, c. 34, tit. 1, §§ 13–27). The title to the premises remained, therefore, in the owner of the land, during the time allowed for an appeal. Within this time, Schulenberg, the owner of the land, conveyed the premises to Carli, and the right to recover damages for the proposed taking of the premises for the use of the road passed to him as incident to the ownership of the land."

Appellants' title or interest in the land having been wholly extinguished by the Obst title, they are not entitled to the damages assessed to them. If their appeals were now brought on for trial on the merits in the court below, the fact that they have no present title or interest in the land would constitute a complete defense to their claim for damages. It is probable that, in proceedings of this kind, damages should be assessed as of the date of the commencement of the proceedings; but there must be, in order to justify an award in favor of any claimant, a present right to recover the same—a right existing at the time title vests in the company by virtue of the proceedings.

Judgment affirmed.