VICTOR COMPANY, INC. v. STATE, BY
DOUGLAS M. HEAD, ATTORNEY GENERAL,
AND ANOTHER.

186 N. W. (2d) 168.

March 26, 1971—No. 42534.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon* and *Arnold I. Feinberg*, for appellant.

*Warren Spannaus*, Attorney General, *Eric B. Schultz*, Deputy Attorney General, and *Steven A. Maurer*, Special Assistant Attorney General, for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Odden, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order denying a landowner's petition for an alternative writ of mandamus seeking to compel the state to institute condemnation proceedings to assess consequential damages claimed suffered by reason of the state's taking of petitioner's parking lot for highway purposes.

Prior to the condemnation proceedings instituted by the state, petitioner was the owner of real property in the city of Minneapolis on which was situated its manufacturing plant and a parking lot located about one-half block from the manufacturing plant providing off-street parking for its employees and customers as required by a city ordinance. On August 15, 1966, the district court granted the state's petition to take the parking lot for high-

way use, and commissioners were appointed to assess the resulting damages.

During hearings conducted by the commissioners and pursuant to the state's objection, the commissioners refused to consider the owner's claim that the market value of the manufacturing plant property was diminished by the taking of the parking lot. Thereupon, on October 26, petitioner by motion sought an order of the district court directing the commissioners to consider the parking lot and the manufacturing plant "as one unit" in making their award of damages for the taking of the parking lot. In a memorandum accompanying denial of this motion on December 12, 1966, the district court observed:

"* * * The statutes give the owners an appeal from the award and at the hearing on the appeal, the questions as to whether the commissioners acted erroneously are brought up. There is no provision for appealing the case piece meal * * *."

During the pendency of the dispute, petitioner negotiated a sale of the manufacturing plant, title to which was transferred to an undisclosed purchaser sometime in December 1966. Although petitioner claims that the sale price therefor was substantially less than it would have obtained if the equivalent of its prior off-street parking facilities had been included, it is admitted that the deed conveying the title made no provision for reserving to the owner-seller a right to claim consequential damages asserted in the condemnation proceedings then pending.

On April 26, 1967, the commission awarded $52,000 for the taking of the parking lot without specifying, pursuant to Minn. St. 117.08, that any part thereof represented consequential damages to the manufacturing plant.[1] Pursuant to § 117.20, subd. 4,

---

[1] Minn. St. 117.08 provides, in part: "* * * Whenever the state is acquiring property, the commissioners shall show in their report the amount of the award of damages which is to reimburse the owner * * * for the value of the land taken, and the amount of the award of damages, if any, which is to reimburse the owner * * * for damages to other property involved."

authorizing either party to appeal to the district court "from any award of damages * * * or from any omission to award damages," the state appealed from the commissioners' award. The petitioner took no appeal. On March 14, 1969, by written stipulation, the parties compromised and settled the dispute as to damages claimed for $50,000. This written settlement stipulation provided that payment and acceptance "shall constitute the full accord and satisfaction of any and all claims for damages * * * occasioned by the taking [of the parking lot] hereby intending to forever settle any and all claims as and for the taking of said parcel."[2] Subsequently, the owner filed this petition for an alternative writ of mandamus seeking to compel the state to institute condemnation proceedings to determine and assess its claim for consequential damages to the manufacturing plant. On April 8, 1970, the district court issued its order denying the petition, and this appeal followed.

The principal reason for the court's denial of the petition is that petitioner had no standing to assert its claim, since it had sold the manufacturing plant, without reserving "the right to any award money to be paid for damage to the plant resulting from the taking of the parking lot." The court reasoned that the sale was completed prior to the vesting of title to the parking lot in the state and the absence of a reservation of owner-seller's claim for consequential damages in the deed of conveyance divested the petitioner of any beneficial interest in the manufacturing plant premises and hence precluded any right to assert such claim by mandamus proceedings.

---

[2] The parties' positions as to the scope of this stipulation are discerned from correspondence between their attorneys. Although it is not clear, it was apparently intended by the owner that the compromised settlement pertained only to the parking lot and did not preclude the owner from seeking consequential damages to the manufacturing plant by any remedy available. Significantly, the manufacturing plant had then been sold and there was no specific reservation of this right included in the language of the settlement stipulation.

We agree with the trial court. There is no question that a physical taking of a tract of land may inflict damages to land of an owner which is not taken. Such damages are generally referred to as consequential damages and are expressly required to be paid by our constitution, which provides:

"Private property shall not be taken, *destroyed or damaged* for public use without just compensation therefor, first paid or secured." (Italics supplied.) Minn. Const. art. 1, § 13.

A classic example of consequential damages to property involved in a taking occurs when a part of an owner's entire tract is taken with a resulting diminished market value to the part not taken. It is surely conceivable in a case such as this that the taking of an off-street parking lot required to be provided by city ordinance could have the effect of diminishing the market value of the manufacturing plant it was provided to serve. It must be understood, however, that a claim for consequential damages to a physically distinct tract can be established only upon proof that the land taken and the owner's remaining land possess special adaptability for a particular unitary use and were actually and permanently put to such use, and that a taking of one tract resulted in damage to the tract remaining. Peck v. Superior Short Line Ry. Co. 36 Minn. 343, 31 N. W. 217; Koerper v. St. Paul & N. P. Ry. Co. 42 Minn. 340, 44 N. W. 195; City of Crookston v. Erickson, 244 Minn. 321, 69 N. W. (2d) 909.

The measure of damages under the constitutional requirement to pay just compensation for property, not only taken but destroyed or damaged, comprehends that the award be a single award for the entire damage for the land taken plus any consequential damages resulting to the owner's remaining land, considered not as an independent item of loss but as an element of damage affecting the market value of the tract remaining. Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 201 Minn. 442, 277 N. W. 394; State, by Lord, v. Hayden Miller Co. 263 Minn. 29, 116 N. W. (2d) 535. In this case, however, petitioner divested

itself of the right to claim consequential damages to the manufacturing plant by transferring title before the filing of the commissioners' award and before title to the land taken vested in the condemnor.[3] Where such transfer of title occurs, the purchaser acquires the right to any damages to be awarded for the taking of the property sold unless the vendor reserves the right to such damages in the deed of conveyance. Obst v. Covell, 93 Minn. 30, 100 N. W. 650; 27 Am. Jur. (2d) Eminent Domain, § 248. Since it is undisputed on this record that petitioner neither owned nor retained any beneficial interest in the manufacturing plant property for which it claimed consequential damages at the time it sought the alternative writ of mandamus, the court properly refused to issue the writ.

But there is, in our opinion, another reason, not raised on this appeal, which clearly supports the trial court's refusal to issue the writ. After the filing of the commissioners' report awarding damages, petitioner chose not to take an appeal from that award. Had it reserved in the deed conveying title the right to pursue its claim for consequential damages to its manufacturing plant and taken an appeal from the commissioners' award, there exists no impediment known to us against petitioner's presenting such claim to the district court as an issue of fact to be resolved by the jury in a de novo trial. Whether physically distinct tracts are adaptable to, and actually and permanently used as, a single unitary tract is a question for the jury unless the evidence is conclusive. St. Paul & S. C. R. Co. v. Murphy, 19 Minn. 433 (500); Kremer v. Chicago, M. & St. P. Ry. Co. 51 Minn. 15, 52 N. W. 977; 6B Dunnell, Dig. (3 ed.) § 3053. Any refusal of the district court to receive evidence in support of this claim would clearly have been erroneous. It is well established that mandamus will lie only where there is no other adequate remedy at law. Minn. St. 586.02; Zion E. L. Church v. City of Detroit Lakes, 221 Minn. 55, 21 N. W. (2d) 203; 11A Dunnell, Dig. (3 ed.) § 5754.

---

[3] As to when title vests, see Independent-Consol. School Dist. No. 27 v. Waldron, 241 Minn. 326, 63 N. W. (2d) 555.

Petitioner, afforded a remedy under the statutes authorizing appeal from the commissioners' award, was therefore not entitled to seek relief by mandamus. State ex rel. Gresham v. Delaney, 213 Minn. 217, 6 N. W. (2d) 97.

It may be noted that the problem presented by this case is to be distinguished from those dealt with in the recent cases of State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. (2d) 83, and Thomsen v. State, by Head, 284 Minn. 468, 170 N. W. (2d) 575. The Prow case dealt with the claim that the state had taken the owner's right of reasonable, suitable, and convenient access to land owned by him which he formerly possessed prior to the construction of a no-access highway.[4] The Thomsen case dealt with a claim of an owner of a home located in such close proximity to the construction of a new highway that the annoyance and hazard of the highway under the peculiar facts of that case could be found to constitute a taking in the constitutional sense. Thus, both cases involved claims of separate and distinct rights in property taken by the condemnor and not included in the condemnation proceeding rather than a claim for consequential damages resulting from an admitted physical taking of a tract of land. In both cases, we held that mandamus was the appropriate and proper remedy to compel condemnation in order to determine whether there had been in fact a taking in the constitutional sense and, if so, to assess the damages resulting therefrom. This, of course, is not such a case, since petitioner had available an adequate remedy at law to present proof of the claim it now seeks to assert by mandamus.

Affirmed.

---

[4] The right of access is an independent property right and may be taken separate and apart from the land to which it is appurtenant. Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394.