**STATE of Minnesota,
Petitioner, Appellant,**

v.

**E. Dale PALMER, in his official capacity as Sherburne County Auditor, and Lois E. Reicken, in her official capacity as Sherburne County Treasurer, Respondents.**

No. C1-84-887.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

John E. MacGibbon, Sherburne County Atty., Richard D. Clough, Asst. County Atty., Elk River, for respondents.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal is from an order denying the State's petition for a writ of mandamus to compel the Sherburne County Auditor to pay the State for its audit of the Sherburne County Sheriff's Department.

We reverse and order that the writ of mandamus issue.

## FACTS

In the spring of 1981, the State Auditor's Office audited the Sherburne County Sheriff's Department. The State Auditor sent Sherburne County four separate bills for a total of $5,680.61 to cover the cost of the audit. The County responded with letters in June, 1981, and April, 1982, asking the State to inform the County of its authorization for conducting the audit. The State replied in June, 1982, that the State Auditor had been presented with allegations of misuse of public monies, and that, because the counties are subject to its audit jurisdiction, it was in the public interest to examine the allegations.

On July 1, 1982, the State Auditor certified the uncollected claim to the County Auditor (who is also clerk of the county board). The County did not serve required notice upon the attorney general that it desired to contest the State's claim. On October 1, 1982, the State Auditor certified the amount due to the County Auditor. However, the County Auditor refused to include the claim in the next tax levy, and it remains unpaid.

In April 1984, the State requested a Writ of Mandamus to compel the Sherburne County Auditor to comply with Minn.Stat. § 6.60 (1982) by including in the next tax levy the amount of the State's claim and remitting that amount to the State. The trial court denied the writ without explanation.

## ISSUE

Is the State entitled to a writ of mandamus?

## ANALYSIS

Minn.Stat. '§ 586.01 (1982) provides in part:

The writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

Mandamus is appropriate to compel the performance of acts which are clearly required by law. *International Union of Operating Engineers v. City of Minneapolis*, 305 Minn. 364, 233 N.W.2d 748 (1975). However, mandamus cannot lie where there is another plain, speedy, and adequate remedy, Minn.Stat. § 586.02 (1982); *Victor Co. v. State*, 290 Minn. 40, 186 N.W.2d 168 (1971), nor where it is used to control the discretion of an official, *Waters v. Putnam*, 289 Minn. 166, 183 N.W.2d 545 (1971).

Minn.Stat. §§ 6.48 and 6.56 (1982) require counties to pay for audits of county records performed by the State Auditor. Minn.Stat. §§ 6.57 and 6.60 (1982) provide the procedures which the State must follow in order to obtain such reimbursement. Specifically, § 6.57 provides that the claim be certified on July 1st to the county clerk, and § 6.60 provides the claim be certified on October 1st to the county auditor. Minn.Stat. § 6.59 (1982) provides the mechanism for dispute resolution when a county wishes to contest a claim made by the State Auditor. Section 6.59 requires a County to serve notice of such a dispute on the attorney general by September 1st following the July notification by the State Auditor.

In the present case, the State properly certified its claim on both July 1, 1982 and October 1, 1982. Sherburne County did not serve the attorney general with notice of its dispute by September 1, 1982. Thus, the county auditor is now required by § 6.60 to include the State's claim in the next tax levy.

The County contends, however, that Minn.Stat. § 373.06 (1982) is an adequate remedy because it provides an expedited method for the State to bring a civil action against a county. This contention misconstrues the meaning of an "adequate" remedy. To require the State to initiate a civil action would defeat the legislature's intent in enacting the special procedures of § 6.59. The right to contest the claim using § 6.59 having lapsed, the County cannot now do indirectly what it failed to do directly.

**DECISION**

The State is entitled to a writ of mandamus to compel the Sherburne County Auditor to include the State's claim in the next tax levy and remit the amount to the State.

Reversed and remanded to the trial court for the issuance of a writ of mandamus.