**TEACHERS: COMPENSATION: SCHOOL:** Districts not authorized to pay for teachers' insurance and retirement contribution while on extended leave. Minn. Stat. §§ 122A.46, 354.094 (2000).

174
(Cr. Ref. 159-b-12, 161-b-14)

March 29, 2002

Mr. Stephen M. Knutson
Ms. Michelle D. Kenney
KNUTSON, FLYNN & DEANS
Attorneys for Independent School Dist. No. 279
1155 Centre Pointe Drive, Suite 10
Mendota Heights, Minnesota 55120

Dear Mr. Knutson and Ms. Kenney:

Thank you for your letter dated February 27, 2002 concerning benefits for teachers on extended leaves of absence. In that letter you present the facts described below.

## FACTS

In Minnesota, a school district's authority to grant an extended leave of absence to a teacher is governed by Minn. Stat. § 122A.46. Independent School District No. 279 is presently involved in contract negotiations with its teachers. The teachers' exclusive representative has proposed the inclusion of a provision in the collective bargaining agreement regarding an extended leave of absence as provided for in Minn. Stat. § 122A.46. More specifically, the teachers' exclusive representative has proposed language which would require the School District to pay both the teacher *and* the employer contributions to the Teachers' Retirement Association ("TRA") during the period of the extended leave under Minn. Stat. § 122A.46, as well as providing employer-paid single and group health insurance to the teacher throughout the extended leave. The teachers also want to ensure that they receive service credit from the TRA during the period of the leave as provided for in Minn. Stat. § 122A.46 and Minn. Stat. § 354.094.

Based on these facts, you ask the questions set forth below.

## QUESTION 1

May a school district agree, through a collective bargaining agreement, to pay both the teacher *and* the employer contributions to the Teachers' Retirement Association as well as providing employer-paid single group health insurance while the teacher is on an extended leave of absence under Minn. Stat. § 122A.46?

**OPINION**

We answer your question in the negative.

First, as creatures of statute, local governments, including school districts, have only those powers expressly granted by the legislature and those necessarily implied to enable exercise of the express powers. *See, e.g.*, Minn. Stat. § 123B.02, subd. 1; *Welsh v. City of Orono*, 355 N.W.2d 117 (Minn. 1984). This principle has been applied to questions involving the authority of school districts to provide compensation to employees. *See, e.g.,* Op. Atty. Gen. 166-b-4, January 24, 1989 (District authorized to provide housing but not housing allowance).

Second, where the legislature has specifically authorized a particular local government activity and prescribed the conditions of its undertaking, action in excess of the prescribed limitations is implicitly precluded. *Id. See, e.g., Country Joe, Inc. vs. City of Eagan*, 560 N.W.2d, 681, 684 (Minn. 1997) (Where legislature has specifically provided funding mechanism for road improvements, there can be no implied authority to use others). *Lilly v. City of Minneapolis,* 527 N.W.2d 107 (Minn. Ct. App. 1995) (no authority for city to provide employee insurance benefits beyond those authorized by statute). As you have pointed out, Minn. Stat. § 122A.46 (2000) specifically provides for the granting of unpaid extended leaves of absence for teachers and specifies in substantial detail, the terms and conditions of such leave. Subdivision 9 addresses insurance benefits:

> A teacher on an extended leave of absence shall receive all of the health, accident, medical, surgical and hospitalization insurance or benefits, for both the teacher and the teacher's dependents, for which the teacher would otherwise be eligible if not on an extended leave. A *teacher shall receive the coverage if such coverage is available* from the school district's insurer, if the teacher requests the coverage, *and if the teacher either (a) reimburses the district for the full amount of the premium necessary to maintain the coverage within one month following the district's payment* of the premium, or (b) if the district is wholly or partially self-insured, *pays the district*, according to a schedule agreed upon by the teacher and the school board, an amount determined by the school board to be the *amount that would be charged for the coverage* chosen by the teacher if the school board purchased all health, accident, medical, surgical and hospitalization coverage for its teachers from an insurer.

*Id.* (Emphasis added.)

Minn. Stat. § 354.094, addresses the ability of a teacher on extended leave under section 122A.46, to accrue service credit for that leave time. That section also discusses contributions to retirement programs. Specifically, that section provides in part:

> Subdivision 1. **Service credit contributions**. Upon granting any extended leave of absence under section *122A.46* or *136F.43*, the employing unit granting the leave must certify the leave to the association on a form specified by

the executive director. A *member granted an extended leave* of absence under section *122A.46* or *136F.43 may pay employee contributions and receive allowable service credit* toward annuities and other benefits under this chapter, for each year of the leave, provided that *the member and the employing board make the required employer contribution in any proportion they may agree upon*, during the period of the leave. . . .

**\* \* \***

Subd. 3. **Effect of nonpayment.** *A member on extended,* leave of absence pursuant to section *122A.46* or *136F.43 who does not pay employee contributions* or whose employer contribution is not paid into the fund in any year *shall be deemed to cease to render teaching services* beginning in that year for purposes of this chapter and may not pay employee or employer contributions into the fund in any subsequent year of the leave. Nonpayment of contributions into the fund shall not affect the rights or obligations of the member or the member's employer under section *122A.46* or *136F.43*.

Thus, in authorizing the granting of extended leave, the legislature in section 122A.46 and 354.094 has specified that continuation of employee insurance coverage and retirement service credit is conditional upon employee payment of the insurance costs and at least the employee's contribution to the retirement account. The teachers and the board may, however, agree on division of payment of the employer's contribution.

Based on the express language of the above-referenced statutes, it is our opinion that the district may not eliminate the requirement that the employee pay the cost of health insurance and the employee's retirement contribution, in order to receive those benefits while on extended leave under section 122A.46.

### QUESTION 2

If the answer to Question 1 is "no," may a school district agree to reimburse a teacher who is granted an extended leave of absence under Minn. Stat. § 122A.46 for amounts the teacher pays for the teacher's contribution to the Teachers' Retirement Association and/or for premium payments to remain in the school district's group health insurance plan during the period of the extended leave of absence?

### OPINION

We answer the question in the negative for the same reasons discussed in response to Question 1. Our determination that the district is not authorized to pay for the employee's insurance or employee retirement contribution, is not affected by the means of payment chosen by the district, whether directly to the insurance carrier and retirement association, or indirectly

by reimbursing the teacher for the same amount.  It is axiomatic that one cannot accomplish indirectly something that may not be done directly under the law.  *See, e.g., State Bank of Boyd v. Hatch*, 384 N.W.2d 550, 556 (Minn. Ct. App. 1986) (May not challenge commissioner's acts indirectly where direct attack is precluded); *State v. Palmer*, 358 N.W.2d 737, 739 (Minn. Ct. App. 1984)(County may not indirectly challenge obligations to state).

## QUESTION 3

If the answer to Question 1 is "no," may a school district agree to pay a teacher a cash incentive to take an extended leave of absence under Minn. Stat. § 122A.46, where the teacher pays the teacher contribution to the Teachers' Retirement Association and the premium for single group health insurance through the school district during the period of the extended leave of absence?

## OPINION

We answer this question as well in the negative.

First, the legislature has not authorized the offer of any cash incentive to induce teachers to take extended leave as it has in the case of early retirement.  *Cf.* Minn. Stat. § 122A.48 (2000).

Second, To the extent that the proposed "cash incentive" is merely another means to reimburse the teacher for the personal costs of insurance and retirement contributions, the reasoning is the same as that discussed in response to Question 2.

Third, such payment cannot be considered authorized as salary.  As described, the payment would not be provided in exchange for teaching services, but as an inducement to stop teaching temporarily.  Furthermore, section 122A.46 states that extended leave granted thereunder is to be "without salary."  Accordingly, in order for a school district to pay monetary compensation to induce a leave under Minn. Stat. § 122A.46, the school district would need to amend Minn. Stat. § 122A.46.

Very truly yours,

MIKE HATCH
Attorney General
State of Minnesota

_____
KENNETH E. RASCHKE, JR
Assistant Attorney General
(651) 297-1141 (Voice)

AG: 559512,v. 01